## Peery v. The Greensburgh, Kingston, and Clarksburgh Turnpike Company.

PRACTICE.—*Demurrer.*—Where a cause has been tried on issues joined upon a complaint containing two paragraphs, one defective and the other good, a demurrer to the former having been overruled, the record not showing that the cause was tried and the judgment rendered exclusively upon the good paragraph, the judgment will be reversed for error in overruling the demurrer to the defective paragraph. To sustain a judgment in such a case, the record must affirmatively show that the finding and judgment proceeded wholly upon the good paragraph.

From the Decatur Circuit Court.

*J. Gavin, J. D. Miller, J. S. Scobey,* and *O. B. Scobey,* for appellant.

*B. W. Wilson, S. A. Bonner, C. Ewing,* and *J. K. Ewing,* for appellee.

BUSKIRK, J.—The appellee sued the appellant on a subscription of three shares of the capital stock of such company.

The complaint was in two paragraphs. A demurrer was overruled to each paragraph of the complaint, to which an exception was taken. The appellant refusing to plead further, final judgment was rendered for appellee.

The appellant has assigned for error the overruling of the demurrer to the complaint.

Counsel for appellant concede that the second paragraph of the complaint was probably good. We think it was good.

Counsel for appellee admit that the first paragraph was bad. Such an admission saves us the trouble of so holding.

The appellant was a subscriber to the original articles of association. The objections urged to the first paragraph of the complaint are:

First. That it does not show the length of the proposed line of road, nor that the requisite amount of stock per mile had been subscribed.

Second. That the subscription was made upon a condition as to the line of location, and that performance of such condition was not alleged.

Both paragraphs of the complaint were based upon the same instrument. The second contains all the allegations of the first, with the additional ones which the appellant claims were necessary to make the first good.

It is insisted by the counsel for appellee that it is a well established rule of practice that appellate courts will not disturb a judgment on account of any ruling on a demurrer to one of several counts or paragraphs either in a declaration or answer, unless it appears that a finding has been made upon a bad paragraph; and reference is made to *Blasingame* v. *Blasingame*, 24 Ind. 86, and *Knox County Bank* v. *Lloyd's Adm'rs*, 18 Ohio St. 353, as supporting such position.

The Ohio case seems to support the position assumed, but a different rule has prevailed in this State.

The case referred to in 24 Ind. does not support the proposition contended for. In that case there were two paragraphs

in the complaint. The overruling of a demurrer to the first paragraph was assigned for error. The court refused to consider the question, because it plainly appeared from the record that the finding and judgment proceeded wholly upon the second paragraph, which was conceded to be good.

The ruling in the above case was followed, in principle, in the case of *Wolf* v. *Schofield*, 38 Ind. 175, where it was held, that " where a cause has been tried upon issues joined upon a complaint containing two paragraphs, one defective and the other good, a demurrer to the former having been overruled, the record not showing that the cause was tried, and the judgment rendered, exclusively on the good paragraph, the judgment will be reversed for error in overruling the demurrer to the defective paragraph."

In the present case there was a general finding upon a complaint containing two paragraphs, one defective and the other good, and there is nothing in the record showing that the finding and judgment proceeded wholly upon the good paragraph. The two cases are alike, and it results that the judgment must be reversed.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, sustain the demurrer to the first paragraph of the complaint, and for further proceedings in accordance with this