Bailey *v*. Troxell.

---

### BAILEY *v*. TROXELL.

PRACTICE.—*Pleading.*—*Trial.*—If a demurrer to a bad paragraph of a complaint has been overruled, and the record does not show that the trial was had exclusively under a good paragraph, the judgment will be reversed.

PLEADING.—*Replevin.*—*Complaint.*—A complaint in replevin that does not allege ownership of the property, but only alleges a promise of the defendant to vest the ownership in the plaintiff on certain conditions being complied with, is bad.

SAME.—*Performance.*—In pleading an offer to perform an agreement to pay the value of the pasturage of a horse until a certain time, it is not sufficient to say that a certain sum of money was tendered, without averring that it was a sufficient or reasonable compensation.

From the Grant Common Pleas.

*J. Van Devanter* and *J. F. McDowell*, for appellant.
*A. Steele* and *R. T. St. John*, for appellee.

PETTIT, J.—The appellee sued the appellant in replevin for a horse. The complaint was in two paragraphs, the first of which was clearly good, fully complying with the statutes of the State and the rules of pleading. The second was as

Bailey *v.* Troxell.

follows: " For further complaint against said defendant, plaintiff says that heretofore, to wit, on the 17th day of June, 1871, he, said plaintiff, was indebted to the defendant in the sum of ninety-two dollars, being a judgment in favor of said defendant and against said plaintiff in the Grant Circuit Court, and that an execution issued on said said judgment. Said horse in the first paragraph of this complaint named was levied on, sold by the proper officers at public sale, and said defendant became the purchaser of said horse and one other for forty-five dollars, both levied on at the same time and for the same debt of the defendant; and plaintiff avers that after said sale, on the same day, said defendant agreed and contracted and promised said plaintiff that if he, said plaintiff, would pay said judgment in full, and would pay the same to the sheriff of Grant county, and pay said defendant the value of the pasture of the horses until the 15th of July, at which time plaintiff was to pay said judgment and pasturage, he, defendant, would redeliver said horse to the plaintiff. Plaintiff avers that he did pay said judgment, ninety-two dollars and fifty cents, to said sheriff on the 14th day of July, 1871, and on the said 14th day of July, tendered said defendant six dollars for said pasturage and demanded said horse, which defendant refused to deliver to plaintiff; and plaintiff brings said six dollars into court for said defendant; wherefore he demands judgment for the possession of said horse, and fifty dollars damages for his detention, and for other relief." If one paragraph of the complaint is bad, and the record does not show that the trial was had exclusively under a good paragraph, the judgment will be reversed. *Wolf* v. *Schofield*, 38 Ind. 175; *Keesling* v. *McCall*, 36 Ind. 321. This paragraph of the complaint was held good by the court below, and the correctness of this ruling is the only question before us in this case. We hold that the ruling was erroneous, and that this paragraph of the complaint was bad. It does not allege ownership of the property, but only a promise of the defendant to vest the

ownership in the plaintiff on certain conditions. Bicknell Civil Pr. 505–6. It does not show a full performance of the conditions upon which the horse was to be delivered to the plaintiff, even if that would vest the title to the horse in him, which we do not hold, one of which was that he should pay for the pasturage of two horses till the 15th day of July. The plaintiff does not say that he did or offered to do this, but only that he tendered six dollars to the plaintiff, without saying that this was a sufficient or reasonable compensation for the pasture furnished. It is assigned for error that the court overruled a motion in arrest of judgment, but no such motion is in the record.

The judgment is reversed, at the costs of the appellee, with instructions to sustain the demurrer to the second paragraph of the complaint.