SCHAFER ET AL. *v.* THE STATE, EX REL. COX.

LIQUOR LAW.—*Suit on Bond Given by Person Holding Permit to Sell Intoxicating Liquor.*—The damages which may be recovered in an action upon a bond executed in conformity to the third section of the act to regulate the sale of intoxicating liquors (Acts 1873, p. 151), must have been suffered by or inflicted upon some person by reason of the sale of intoxicat-

Schafer *et al.* *v.* The State, *ex rel.* Cox.

ing liquor by the person receiving a permit under said act, his agent, or employes.

SAME.—*Pleading.*—The complaint in such case must aver that the injury complained of and the damages sought to be recovered resulted in consequence of a sale of intoxicating liquors.

SAME.—An averment in such complaint, that whilst A. was intoxicated, by reason of liquor sold him by the person holding the permit, he inflicted a mortal wound on the husband of the plaintiff, causing his death, does not sufficiently show that the mortal wound was inflicted by reason of the intoxication of A.

SAME.—A complaint in such case, which avers that the intoxication was caused in part by liquor sold by the holder of a permit, and that while the purchaser was so intoxicated, and by reason of such intoxication, he inflicted the mortal wound, etc., is bad.

PRACTICE.—*Cause Tried on Complaint Containing both Good and Bad Paragraphs.*—Where a cause has been tried on issues joined upon a complaint containing two or more paragraphs, some defective and others good, a demurrer to the former having been overruled, and the record not showing that the cause was tried and the judgment rendered exclusively upon the good paragraphs, the judgment will be reversed for error in overruling the demurrers to the defective paragraphs.

From the Posey Circuit Court.

*E. M. Spencer, W. Loudon, J. H. Laird,* and *H. H. Pritchard,* for appellants.

*A. P. Hovey* and *G. V. Menzies,* for appellee.

BUSKIRK, J.—The only questions presented by the record in this cause relate to the sufficiency of the complaint. It consisted of ten paragraphs. Demurrers were overruled to each paragraph, but appellants have only assigned error upon the action of the court in overruling demurrers to the first, second, third, fourth, fifth, seventh, and ninth paragraphs. It is conceded that the sixth, eighth, and tenth paragraphs are good.

This action is based upon a bond executed by Henry Schafer as principal, with the other appellants as his sureties, and is in strict conformity to the requirements of the third section of the temperance act of February 27th, 1873, the condition of which bond is as follows:

" The condition of the above obligation is for the payment of any and all fines, penalties, and forfeitures incurred by reason of the violation of any of the provisions of the temper-

.ance act, entitled ' an act to regulate the sale of intoxicating liquors, to provide against evils resulting from any sale thereof, to furnish remedies for damages suffered by any person in consequence of such sale, prescribing penalties, to repeal all laws contravening the provisions of this act, and declaring an emergency,' approved February 27th, 1873 ; and conditioned further, that the principal and sureties herein named shall be jointly and severally liable, and shall pay to any person or persons any and all damages which shall in any manner be suffered by or inflicted upon any such person or persons, either in person or property, or means of support, by reason of any sale or sales of intoxicating liquors to any person by the said Henry Schafer or by any of his agents or employes."

The first paragraph of the complaint is as follows : " The State of Indiana, on relation of Mary Cox, an infant under the age of twenty-one years, by her next friend, William A. Barrett, whose written consent to sue is filed herewith, complains of Henry Schafer, and Gottfried Schafer, and John S. Wilsey, defendants, and says, that heretofore, to wit, on the 20th day of November, 1873, said defendants executed a bond to the State of Indiana, in the penal sum of three thousand dollars, conditioned that the defendant Henry Schafer should pay all fines, penalties, and forfeitures incurred by reason of the violation of any of the provisions of an act of the legislature entitled an act to regulate the sale of intoxicating liquors, etc., approved February 27th, 1873, and to ' pay to any person or persons any and all damages which shall in any manner be suffered by or inflicted upon any such person or persons, either in person or property, or means of support, by reason of the sale of intoxicating liquors ;' a copy of which bond is filed herewith and made a part of this complaint; that afterward, to wit, on the —— day of ——, 1873, said defendant Henry Schafer obtained a permit to sell intoxicating liquors on the premises named in said bond, to wit, at subdivision S½ of lot 95, in Owen's part of New Harmony, in Posey county, State of Indiana, a copy of which is filed and made a part of this complaint ; that afterward, to wit, on the —— day of February, 1874,

said defendant Henry Schafer did sell intoxicating liquor to one Stephen Harris, on the premises aforesaid, so as to cause the intoxication of said Harris; that on the day last aforesaid, whilst said Harris was intoxicated, by reason of the liquor sold to him by said defendant Henry Schafer, as aforesaid, the said Harris inflicted with a knife a mortal wound upon the body of one Henry Cox, then and there being the husband of said plaintiff, which caused the death of said Henry Cox; that by reason of said sale of intoxicating liquor to said Harris and the death of said Henry Cox, the plaintiff is damaged, in her means of support, in the sum of three thousand dollars; wherefore she demands judgment for three thousand dollars, and for full relief."

We set out so much of each paragraph as will present the point made:

"Par. 2. Said Henry Schafer sold intoxicating liquor to one Henry Cox, the husband of the plaintiff, on said premises, so as to cause the intoxication of said Henry Cox; that on the day last aforesaid, said Cox, whilst intoxicated as aforesaid, engaged in an affray with one Stephen Harris, and in said affray received a mortal wound inflicted by said Harris, which caused the death of said Cox; that by reason of said sale of intoxicating liquors to said Cox and the death of said Cox, the plaintiff has been damaged in her means of support," etc.

"Par. 3. That said Henry Schafer gave intoxicating liquors to one Stephen Harris, causing the intoxication of said Harris; that on the day last aforesaid, said Harris, whilst intoxicated, by reason of the intoxicating liquor given to him as aforesaid, inflicted a mortal wound upon the body of Henry Cox, the husband of the plaintiff, which caused the death of the said Henry Cox; that by reason of giving the said liquors as aforesaid and the death of the said Henry Cox, the plaintiff has been damaged in her means of support," etc.

Par. 4. Same as third, except giving the liquor to said Henry Cox instead of Harris, with like averment of the consequences as stated in second count.

"Par. 5. That George Dietz, then and there being in the

employ of the said Henry Schafer, sold intoxicating liquors to one Stephen Harris, on said premises, which caused the intoxication of said Harris; that on the day last aforesaid, said Harris, whilst intoxicated from the liquor sold to him by said Dietz as aforesaid, inflicted a mortal wound upon the body of one Henry Cox, said Cox being then and there the husband of the plaintiff, which caused the death of said Cox; that by reason of said intoxication of the said Harris and the death of said Cox, the plaintiff has been damaged in her means of support," etc.

Par. 7. Sale to Harris by Schafer, which in part caused the intoxication of said Harris, who, being intoxicated as aforesaid and by reason of said intoxication did inflict a mortal wound upon the body of one Henry Cox; said Cox being then and there the husband of the plaintiff, which caused the death of the said Cox; that by reason of the intoxication of the said Harris as aforesaid and the death of said Cox, the plaintiff is damaged in her means of support, etc.

Par. 9. That Dietz, employee of Schafer, " sold to Stephen Harris intoxicating liquor, which in part caused the intoxication of the said Harris, on the day last aforesaid; said Harris, being intoxicated as aforesaid, did inflict a mortal wound upon the body of one Henry Cox, which caused the death of said Cox, said Cox being then and there the husband of the plaintiff; that by reason of the intoxication of the said Harris as aforesaid and the death of said Cox, plaintiff is damaged in her means of support," etc.

The bond required by such section is conditioned, first, for the payment of any and all fines, penalties, and forfeitures incurred by reason of the violation of any of the provisions of said act. There is no assignment of any breach of this portion of the bond in the present suit. The present action is based upon the following portion of said section:

" And conditioned further, that the principal and sureties therein named shall be jointly and severally liable, and shall pay to any person or persons any and all damages which shall in any manner be suffered by or inflicted upon any such person

or persons, either in person or property, or means of support, by reason of any sale or sales of intoxicating liquors to any person, by the person receiving such permit or by any of his agents or employes."

The damages which may be recovered, in an action upon a bond executed under and in conformity to the above quoted language, must have been suffered by or inflicted upon some person by reason of the sale of intoxicating liquors by the person receiving a permit under said act or by his agents or employes. And to render a complaint good, it should be averred that the damages sought to be recovered resulted in consequence of or by reason of a sale of intoxicating liquors.

The first, second, and fifth paragraphs of the complaint are bad, for the reason that it is not alleged in either of said paragraphs, that the death of Henry Cox was caused by or resulted from the sale of intoxicating liquors. It is alleged in the first that whilst said Harris was intoxicated, by reason of the liquor sold to him by said defendant Henry Schafer as aforesaid, the said Harris inflicted with a knife a mortal wound upon the body of one Henry Cox, then and there being the husband of said plaintiff, which caused the death of said Henry Cox; that by reason of said sale of intoxicating liquors to said Harris and the death of said Henry Cox, the plaintiff is damaged in her means of support, etc.

It will be observed that the allegation is, that whilst Harris was intoxicated he inflicted the mortal wound, but it is not averred that the mortal wound was inflicted by reason of or in consequence of such intoxication. Although Harris was intoxicated, he may have been assaulted by Cox in such a manner as to render the killing excusable or justifiable. It is alleged that by reason of said sale of intoxicating liquor to said Harris and the death of said Cox, the plaintiff is damaged. This conclusion does not necessarily result from the premises stated. Such would have been the logical deduction, if it had been averred that the wound was inflicted by reason of or in consequence of the sale of such intoxicating liquor,

but such would not be the proper deduction, if the wound was inflicted from some other and different cause than such intoxication.

The second is the same as the first, except it is alleged that the intoxicating liquor was sold to Henry Cox.

The fifth is the same as the first, except that it is alleged that the intoxicating liquor was sold by an employe of the person who had received the permit.

The third paragraph alleges that the intoxicating liquor was given to Harris, and the fourth alleges a gift of intoxicating liquor to Cox. Both of these paragraphs are clearly and plainly bad. The condition of the bond is to pay such damages as are suffered or inflicted by reason of the sale or sales of intoxicating liquors. The twelfth section of said act creates a personal liability against the person receiving a permit, for damages resulting from selling, bartering, or giving away intoxicating liquors. A construction was placed upon the twelfth section in the recent case of *Fountain* v. *Draper, ante,* p. 441, where it was held that the holder of the permit was personally liable for the damages resulting from selling, bartering, or giving away intoxicating liquors.

The ninth is subject to the same objection as the first, second, and fifth.

The seventh is free from the objection which we have been considering. That alleges a sale to Harris which caused his intoxication, who, being intoxicated and by reason of said intoxication, did inflict a mortal wound upon the body of Henry Cox, etc.

It is very earnestly contended, that the seventh and ninth paragraphs of the complaint are bad, because it is averred that the intoxication of Harris was caused in part by the liquor sold by the holder of the permit or his agent. It is provided, by the twelfth section of said act, that the holder of a permit shall be personally liable for damages caused by intoxication which was produced, in whole or in part, by the liquor sold by such person. *Fountain* v. *Draper, supra.*

There is no such provision in the third section. The prin-

cipal and his sureties in the bond in suit are liable for any and all damages which shall in any manner be suffered by or inflicted upon any such person as is entitled by said act to sue, either in person or property, or means of support, by reason of any sale or sales of intoxicating liquors to any person. If the death of Cox was caused by reason of the sale of intoxicating liquors by the principal in the bond, then he and his sureties are answerable for all the damages resulting therefrom.

The seventh and ninth paragraphs do not, nor does either of them, allege that the death of Cox was caused by a sale or sales of liquor by the principal in the bond. The damage must result from the sale or sales of liquor, whether it shall make the party using it partially or wholly intoxicated. In this, the language of the third section and the terms of the bond are essentially different from the language of the twelfth section.

The third section gives an action on the bond for any damages which result " by reason of any sale or sales," while in the twelfth section the action is against the vendor for injuries in person or property, or means of support, caused " by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person," and the vendor who causes the intoxication, " in whole or in part," is made liable.

We think it is quite clear, that an allegation that a sale of liquor, in part, caused the intoxication of Harris, and that while he was intoxicated he committed the act, is not the equivalent of a statement that the damage resulted from a sale or sales of liquor made by the principal in the bond. A sale or sales of liquor may contribute to the intoxication of a person who, while intoxicated or in consequence of the intoxication, may perpetrate or cause damage, and yet the damage not be caused by the sale or sales so made, but by and in consequence of other and different sales. Nothing short of an allegation and corresponding proof that the damage resulted by reason of the sale or sales made by the principal in the bond, or his agents or employes, will make out a cause of

action on the bond, under the third section. If it shall be found difficult, in practice, to trace and show the connection between the sale or sales and the resulting damage, it grows, as a necessary and unavoidable consequence, out of the proper construction of the language used by the legislature in giving the right of action.

The seventh and ninth paragraphs are bad, for the reasons stated.

It is, however, strenuously contended by counsel for appellee, that we should not reverse the judgment, if the court erred in overruling demurrers to bad paragraphs of the complaint. It is argued that one good paragraph of the complaint is sufficient to sustain the finding and judgment of the court below; and we are referred to several cases prior to the code and one or two since, but these cases have been overruled in principle by repeated decisions of this court.

It is the settled rule of practice of this court, that where a cause has been tried on issues joined upon a complaint containing two or more paragraphs, some defective and others good, a demurrer to the former having been overruled, the record not showing that the cause was tried and the judgment rendered exclusively upon the good paragraphs, the judgment will be reversed for error in overruling the demurrers to the defective paragraphs. To sustain a judgment in such a case, the record must affirmatively show that the finding and judgment proceeded wholly upon the good paragraphs. *Blasingame* v. *Blasingame,* 24 Ind. 86; *Wolf* v. *Schofield,* 38 Ind. 175; *Peery* v. *The Greensburgh, etc., Turnpike Co.,* 43 Ind. 321; *Keesling* v. *McCall,* 36 Ind. 321; *Bailey* v. *Troxell,* 43 Ind. 432; *Hawley* v. *Smith,* 45 Ind. 183.

The rule is otherwise, where a demurrer is improperly sustained to a good paragraph, if the same facts are admissible under some other paragraph. In such case the erroneous ruling will not injure the party; but where a demurrer is overruled to a bad paragraph, the party is injured, because less evidence would be required under a bad than a good paragraph.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the first, second, third, fourth, fifth, seventh, and ninth paragraphs of the complaint.