THE EVANSVILLE, CAIRO AND MEMPHIS STEAM PACKET COMPANY v. WILDMAN.

NEGLIGENCE.— *Wilful Injury.—Action for Damages.—Complaint.—Act of Agent, Employee, or Servant* —In an action by a passenger upon a steam-. boat, against a corporation owning and operating the same, to recover

damages for injuries alleged to have been suffered by him while a passenger, through the negligence of the employees of the defendant, the complaint alleged, that the plaintiff had been "violently pushed, pulled and thrown through" a hatchway negligently left open by such employees, resulting in the injuries alleged.

*Held*, on demurrer, that the failure of the complaint to allege that such violence was the act of the defendant's employees renders it insufficient.

PRACTICE.—*Trial on Complaint Containing an Insufficient Paragraph.— Verdict.—Supreme Court.—Record.*—Where a demurrer has been overruled to an insufficient paragraph of a complaint, an exception reserved, and, upon trial, a general verdict found for the plaintiff, the Supreme Court, on appeal, will reverse a judgment upon the verdict, unless it appear by the record that trial was had, and such verdict found, upon some other and sufficient paragraph of the complaint.

From the Posey Circuit Court.

*B. Hynes*, *A. Gilchrist*, *A. P. Hovey* and *G. V. Menzies*, for appellant.

*W. P. Edson* and *M. W. Pearse*, for appellee.

HOWK, C. J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in the Vanderburgh Circuit Court, in a complaint of three paragraphs.

In the first paragraph of his complaint, the appellee alleged, in substance, that, before and at the time of the commission of the grievances complained of, the appellant was the owner of a certain steamboat, known as the " Arkansas Belle," and ran and operated said steamboat upon the Ohio river, between the ports of Evansville, Indiana, and Cairo, Illinois, for the transportation of freight and passengers, for hire and reward, to be paid to the appellant; that, on the 17th day of March, 1873, the appellee was at the city and port of Henderson, Kentucky, and was desirous of procuring passage for himself and his horse upon said steamboat, from said city of Henderson to the town of Mt. Vernon, Indiana; that, at said time, said steamboat was towing a certain barge, and, upon arriving at said port of Henderson, landed with said barge between said steamboat and the wharf-boat, and it became and was necessary

for the appellee to go over and across said barge, in order to reach and get upon said steamboat; that, upon the arrival of said steamboat at said port of Henderson, the appellee went upon said steamboat and informed an agent of the appellant, to wit, the clerk of said steamboat, of his wish to procure passage for himself and horse, as aforesaid, and was told by said clerk that they would be taken on board and carried to said town of Mt. Vernon; that thereupon the appellee, as a careful and prudent man, started to return to said wharf-boat, in order to have his horse brought on board of said steamboat; that, in attempting to cross said barge to said wharf-boat, through the carelessness and negligence of the appellant, its agents and servants, the hatches of said barge having been left open, and the gang-planks across said barge laid near to said open hatchway, the appellee, without any want of care or caution upon his part, was violently pushed, pulled and thrown through said open hatchway, into the hold of said barge, falling a distance of seven or more feet, by means whereof he, the appellee, was severely injured in and about his head, his ribs being broken, and being otherwise so severely injured as to render him insensible for, to wit, four hours; that, by reason of the appellant's negligence, the appellee was obliged to, and did pay out, to wit, three hundred dollars, in and about endeavoring to be cured of his said fractures, wounds and injuries, by reason of which he became and was sick, sore, etc., from said last named day up to the commencement of this action; and that, during all said time, by reason of his said bodily injuries, the appellee had suffered great bodily pain, and had been hindered and prevented from transacting his ordinary business; to his damage in the sum of five thousand dollars, for which he demanded judgment.

The second paragraph differs from the first, in that it avers that the appellant was injured in crossing the barge,

without saying in what direction or for what purpose he was going, and in stating that the occurrence happened in the night time, and that there was not sufficient light upon the barge, and also that the pushing, pulling, etc., by which appellant got into the open hatch, was by the carelessness of defendant's servants.

The third paragraph alleges, in addition to what is stated in the first, that the occurrence was in the night time, that there was not light enough to see the open hatch, and that the violent pushing, pulling, etc., was by the negligence and carelessness of defendant's servants.

The appellant demurred separately to each of the paragraphs of the appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. Before these demurrers were considered, on the appellee's application, the venue of the action was changed to the court below. In this latter court, the demurrers to the complaint were severally overruled, and to these decisions the appellant excepted, and then answered separately, by a general denial, each paragraph of the complaint.

The issues joined were tried by a jury, and a general verdict was returned for the appellee, assessing his damages in the sum of four hundred dollars. With their general verdict, the jury also returned their special finding as to particular questions of fact submitted to them; but we need not notice these special findings, as it is not claimed that these findings were inconsistent with the general verdict.

The appellant's motion for a new trial having been overruled, and its exception saved to this decision, judgment was rendered by the court below, on the general verdict of the jury, from which judgment this appeal is now prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1.   In overruling its demurrer to the first, second and third paragraphs of appellee's complaint;

2.   In overruling its motion for a new trial; and,

·3.   In rendering judgment for the appellee, on the general verdict.

In their brief of this cause, in this court, the appellant's counsel, in discussing the first of these alleged errors, complain only of the decision of the circuit court, in overruling the appellant's demurrer to the first paragraph of the complaint. The objection urged by counsel to this paragraph of the complaint is, that, while it was alleged therein that the hatches of the barge were left open through the carelessness and negligence of the appellant, yet it was not shown therein that the appellee's injuries, of which he complained, were caused by such carelessness and negligence, or by any other negligent acts of the appellant, its agents or servants.

It may be inferred fairly and reasonably, as it seems us, that the appellee's injuries resulted directly and proximately from the fact alleged, that he " was violently pushed, pulled and thrown through said open hatchway." By whom the appellee was thus violently pushed, pulled and thrown, he has failed to allege in the first paragraph of his complaint. It can not be assumed that these violent acts were done or committed by the appellant, or by any of its agents or employees; but, on the contrary, we think the fair presumption is, that the acts in question were done or committed by a stranger to the appellant. It is a clear proposition, that, if the alleged violent acts were done by some third person, neither an agent nor a servant of the appellant, it would not be liable in damages to the appellee for injuries resulting from those acts, even though it had been negligent in leaving such hatchway open. In our opinion, the circuit court erred in overruling the appellant's demurrer to the first paragraph of the appellee's

complaint. Wharton Law of Negligence, sec. 134, *et seq.*, and authorities cited.

The appellant has assigned, as errors, the overruling of its demurrers to the second and third paragraphs of the complaint; but its attorneys have not even alluded, in argument, to the insufficiency of either of those paragraphs. The errors assigned on the demurrers to these paragraphs, even if they exist, must therefore be regarded as waived.

It is claimed, however, by the appellant's counsel, and correctly so we think, that the judgment in this case, by reason of the insufficiency of the first paragraph of the complaint, must be reversed, if the record fails to show affirmatively, that the verdict and findings were returned, and the judgment was rendered, exclusively upon the second and third paragraphs of said complaint, or one of them. We have carefully examined and considered the record of this case, and we can not say therefrom, that the verdict and judgment were returned and rendered wholly and exclusively on the second and third paragraphs of the complaint, or either of them. *Wolf* v. *Schofield*, 38 Ind. 175; *Peery* v. *The Greensburgh, etc., Turnpike Co.*, 43 Ind. 321; *Bailey* v. *Troxell*, 43 Ind. 432; *Schafer* v. *The State*, 49 Ind. 460.

In the case last cited, it was said by BUSKIRK, J., in delivering the opinion of the court: "It is the settled rule of practice of this court, that where a cause has been tried on issues joined upon a complaint containing two or more paragraphs, some defective and others good, a demurrer to the former having been overruled, the record not showing that the cause was tried and the judgment rendered exclusively upon the good paragraphs, the judgment will be reversed for error in overruling the demurrers to the defective paragraphs. To sustain a judgment in such a case, the record must affirmatively show that the finding and judgment proceeded wholly upon the good paragraphs."

In the case at bar, the record makes no such affirmative showing as to the verdict and judgment below, and therefore the judgment of the circuit court must be reversed.

Having reached this conclusion in regard to the first error assigned by the appellant, it is unnecessary for us now to consider or decide any of the questions presented by or arising under the other alleged errors, complained of by the appellant. They may not arise again, on another trial of the cause.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to the first paragraph of the appellee's complaint, and for further proceedings.