## COOK *v.* HOPKINS.

PLEADING.—*Copy of Instrument sued on.*—*Judgment on Complaint containing Good and Bad Paragraphs.*—*Supreme Court.*—One paragraph of a complaint counted upon a written agreement alleged to have been executed by the defendant and a debtor, agreeing to pay a debt due from the latter to the plaintiff; but the paragraph, though purporting to, did not, contain a copy of the agreement.

*Held,* on demurrer, that the paragraph is insufficient.

*Held,* also, the record not showing upon which paragraph judgment was rendered against the defendant, that the judgment can not be upheld.

From the Vanderburgh Circuit Court.

*C. Denby, D. B. Kumler* and *J. E. Williamson,* for appellant.

*A. Dyer, W. M. Blakey* and *A. Pfafflin,* for appellee.

PERKINS, J.—Suit by the appellee, against the appellant, upon a written agreement by the latter to pay to the for-

mer a debt due to him by Nancy J. Gatch; said agreement, it is averred, was signed by said Gatch and Cook, and accepted by said Hopkins. The suit was founded upon that agreement, and the first paragraph of the complaint purported to make said written agreement a part thereof, but did not, nor was it, or a copy of it, filed with the complaint.

A demurrer was overruled to this paragraph of the complaint, and exception entered.

Answer; issue; judgment for the plaintiff, on the complaint.

The court erred in overruling the demurrer to the first paragraph of the complaint. That paragraph was bad. *The Peoria, etc., Ins. Co.* v. *Walser*, 22 Ind. 73; *Williamson* v. *Foreman*, 23 Ind. 540; *Stafford* v. *Davidson*, 47 Ind. 319; *Figart* v. *Halderman*, 59 Ind. 424.

Here, then, was a judgment upon a complaint containing one bad paragraph.

At common law such judgment might not be upheld. Under the code of 1843 it might be. But, under the present code, it is erroneous.

In *Schafer* v. *The State*, 49 Ind. 460, it is said: "It is the settled rule of practice of this court, that where a cause has been tried on issues joined upon a complaint containing two or more paragraphs, some defective and others good, a demurrer to the former having been overruled, the record not showing that the cause was tried and the judgment rendered exclusively upon the good paragraphs, the judgment will be reversed for error in overruling the demurrers to the defective paragraphs." *The Evansville, etc., Co.* v. *Wildman*, 63 Ind. 370, follows *Schafer* v. *The State, supra.*

The judgment is reversed, with costs; cause remanded for further proceedings in accordance with this opinion.