Ethel *v.* Batchelder.

No. 10,374.

ETHEL *v.* BATCHELDER.

TAX SALES OF REAL ESTATE.—*Action to Quiet Title.*—*Married Woman.*—*Sufficiency of Complaint.*—*Demurrer.*—In an action by a married woman to quiet the title to her real estate against the purchaser thereof, for State and county or city taxes, if she fail to show that her real estate was not legally subject to taxation for State and county or city purposes, or that the delinquent and current taxes and costs, for which her real estate was sold, were not properly and legally assessed and charged against her and her property, or that the several sales of her real estate for taxes, by the treasurers of the county and city respectively, were, in some manner or for some cause, irregular, illegal and void, or that she had redeemed, or offered to redeem, her real estate from the tax sales thereof, in the manner prescribed by law, her complaint must be held bad on a demurrer thereto, for the want of sufficient facts.

SAME.—*Redemption.*—*Rights of Married Woman.*—*Certificate of Sale.*—*Possession of Premises.*—*Rents and Profits.*—Under section 210 of the tax law of December 21st, 1872, a married woman might redeem her lands from sales thereof for taxes within two years after the expiration of her disability, but the statute gave her no additional rights in relation to such redemption; and under section 203 of the same law (1 R. S. 1876, p. 120), the auditor's certificate of the tax sale entitled the holder to the possession of the premises therein described, and this title to possession carried with it the ownership of the rents and profits of the lands, without liability to account therefor.

PRACTICE.—*Reversal of Judgment.*—*Supreme Court.*—Where a cause is tried upon issues joined on a complaint of two or more paragraphs, and it appears that a demurrer to one of the paragraphs has been erroneously overruled, the Supreme Court will reverse the judgment for such erroneous ruling, unless the record affirmatively shows that the verdict and, judgment rest exclusively upon the good paragraphs of the complaint.

From the Madison Circuit Court.

*C. L. Henry* and *H. C. Ryan*, for appellant.

*M. S. Robinson*, *J. W. Lovett* and *I. L. Bloomer*, for appellee.

HOWK, J.—Upon the record of this cause the appellant, the defendant below, has assigned errors as follows:

1. In overruling his demurrer to the first paragraph of appellee's complaint; and,

2. In overruling his motion for a new trial.

We will consider and decide the questions presented by these alleged errors in the order of their assignment.

1. In the first paragraph of her complaint the appellee alleged, in substance, that she then was, and for more than ten years last past had been, a married woman; that she then was, and since April 26th, 1863, had been, the owner in fee simple of certain real estate, particularly described, in the city of Anderson, in Madison county; that on February 12th, 1877, at a sale for taxes held by the treasurer of Madison county, the said real estate was sold by such treasurer to one Charles F. Williams for $22.82, the amount of delinquent and current taxes due the county and State, and costs, and the county auditor issued to such purchaser a certificate therefor according to law; that said Williams assigned such certificate to one H. C. Ryan, on May 15th, 1877, and said Ryan, on December 21st, 1877, assigned the same to one John H. Terhune, and that on February 13th, 1879, said Terhune received from the county auditor a deed of such real estate, a copy of which deed was therewith filed; that on the — day of February, 1879, said real estate was sold by the treasurer of the city of Anderson, for delinquent and current city taxes, to one F. M. Mulligan for the sum of $43.26, and a certificate of purchase was issued to said Mulligan therefor, which certificate was afterwards assigned by him to said Terhune, and by him to the appellant; that on August 29th, 1879, Terhune and wife conveyed by quitclaim deed their interests in such real estate; that thereupon the appellant took and had ever since retained possession of such real estate, and had rented and controlled the same, and had received as rents therefor the sum of three hundred and fifty dollars.

And the appellee averred that, by reason of her coverture at the times of such tax sales and the continuance of her coverture until the commencement of this suit, she had the right to redeem such real estate from such tax sales; that the auditor's deed thereof was wrongfully made to Terhune, and

he and appellant had no right to the possession of the real estate or to receive the rents thereof, and she averred that the amount received by appellant exceeded the amount of such tax sales, with all penalties and interest thereon, and all taxes lawfully assessed against such real estate and paid by appellant, with all penalties and interest thereon, and all legal charges against the same, and exceeded the amount necessary for appellee to pay for the redemption of the real estate from such tax sales; and the appellee said that she was entitled to, and appellant was wrongfully in, the possession of such real estate, and he unlawfully detained the same from her by reason of the premises, and that such tax deed and the appellant's claim were a cloud upon appellee's title to such real estate which should be removed by the decree of the court. Wherefore the appellee prayed the court for an accounting between her and the appellant as to the amount due him by reason of such tax sales, penalties, interest and charges, and all taxes, penalties and interest paid by him, and for all rents and profits due her and collected by him, and for such decree in regard thereto as may be deemed just and equitable; and she prayed judgment for the possession of such real estate, and that her title thereto might be forever quieted and set at rest as against the appellant, and for all proper relief.

We are of the opinion that the facts alleged by appellee in the first paragraph of her complaint were not sufficient to constitute a cause of action, and that the demurrer thereto ought to have been sustained. It will be observed that there are no averments, in this paragraph of complaint, showing or tending to show that appellee's real estate was not legally subject to taxation for State and county or city purposes, or that the delinquent and current taxes and costs, for which her real estate was sold, were not properly and lawfully assessed and charged against her and her property, or that the several sales of her real estate, by the treasurers of the county and city respectively, were in any manner or for any cause irregular or illegal, and, therefore, void. Nor was it alleged, in

the first paragraph of complaint, that the appellee had, at any time, redeemed or offered to redeem, her real estate from the tax sales thereof, or either of them. In the consideration of the sufficiency or insufficiency of the first paragraph of complaint, therefore, we must assume at the outset, that the appellee's real estate was regularly and lawfully sold by the treasurers, alike of the county and city, for delinquent and current taxes and costs properly and legally assessed against the same, and that the appellee had neither redeemed, nor offered to redeem, her real estate from either of the sales thereof for taxes, in the manner prescribed by law.

At the time of the sale of appellee's real estate for taxes by the county treasurer, the law of this State governing the redemption of land from sales for taxes for State and county purposes, as applicable to the case in hand, was sections 208 and 210 of the act of December 21st, 1872, " to provide for a uniform assessment of property, and for the collection and return of taxes thereon." 1 R. S. 1876, p. 121. Section 208 provided, in substance, that the owner or occupant of any land sold for taxes, or any other person, might redeem the same at any time within two years after the last day of such sale, by paying to the county treasurer, for the use of the purchaser, his heirs or assigns, the sum mentioned in his certificate, and the amount of all subsequent taxes paid, with fifty per centum on the whole sum and interest from the date of purchase, or from the time of payment. In section 210 it was provided as follows : " Infants, idiots, *femmes covert,* and insane persons may redeem any lands belonging to them, sold for taxes, within two years after the expiration of such disability." These two sections were amended by an act approved March 3d, 1877 (Acts 1877, Reg. Sess., p. 143) ; and the amended sections remained in force until they were superseded by sections 6466 and 6467, R. S. 1881, which took effect March 29th, 1881, and are still in force. There has been and is no substantial change in the two sections, except in relation to the per centum to be paid

by the redemptioner, which is not a material question in this case as now presented.

As to the sale for city taxes, it was provided at the time of the sale in section 42 of the general law of March 14th, 1867, for the incorporation of cities, that the owner or claimant of any lot or parcel of land sold for city taxes, his agent or attorney, might redeem the same " upon the terms and in like manner as the lands sold for State and county taxes are redeemed, by payment to the city treasurer." 1 R. S. 1876, p. 284.

It was averred by appellee in the first paragraph of her complaint, that, at the times of the sales of her real estate for taxes, both by the county treasurer and city treasurer, and at the time of the commencement of this suit, she was a married woman. There can be no doubt, therefore, that the appellee had, when she commenced this suit, a clear legal right to redeem her real estate from the sales thereof for taxes, although much more than two years had elapsed since the dates of such sales. We are of the opinion, however, that she could redeem her real estate from the tax sales thereof only in the manner prescribed by the statute, that is, by paying to the proper county or city treasurer, for the use of the purchaser, his heirs or assigns, the sums mentioned in the certificates respectively, and the amounts of all subsequent taxes paid, with the legal percentages on the whole sums, and interest from the dates of purchase or from the times of payment.

It will be seen from the first paragraph of the complaint, a full summary of which we have given in this opinion, that it fails to show, in any manner, that the appellee had redeemed, or offered to redeem, her real estate from the tax sales thereof either by the county treasurer or by the city treasurer, in the mode prescribed in and by the statute. The appellee alleged that the appellant had no right to the possession of her real estate, or to receive the rents thereof; and she averred that the amount of rents, received by the appellant from her real estate, exceeded the amount of such tax sales, with all penalties and interest thereon, and all taxes lawfully assessed

against such real estate and paid by appellant, with all penalties and interest thereon, and all legal charges against the same, and exceeded the amount necessary for the redemption of the real estate from such tax sales; and she prayed for an accounting between her and the appellant.

The facts alleged by appellee in the first paragraph of her complaint showed very clearly, that, under the law, the appellant or his assignors, near and remote, were entitled to the possession of her real estate from the date of the first tax sale thereof, and of the certificate issued by the county auditor therefor, to wit, February 12th, 1877. In section 203 of the tax law of December 21st, 1872, in force at the time of such sale, it was expressly provided that the auditor's certificate of the tax sale should "entitle the holder to the possession of the premises therein described." 1 R. S. 1876, p. 120. This title to the possession of the real estate carried with it the right to receive the rents of such real estate, and the absolute ownership of such rents without liability to account therefor. This was so, we think, under the statute in force at the time of such sale, and fixing and governing the rights as well of the purchaser as of the redemptioner, whether the latter was under legal disability or not. The statute extended the time within which the appellee, as a married woman, might redeem her real estate from the tax sales thereof; but it gave her no additional rights in relation thereto beyond those of any adult person, male or female, and of sound mind.

Under the averments of the first paragraph of the complaint, the tax deed of the real estate to Terhune was improvidently and illegally executed by the county auditor during the appellee's coverture; but the execution of this deed could not, in any manner, prejudice the appellee's right to redeem her real estate from the tax sales thereof, in the mode and within the time prescribed in the statute. Nor do we think that the execution of the tax deed impaired or prejudiced, in any degree, the rights of the appellant, or of his grantor or assignor, under the certificates of the tax sales of the appel-

lee's real estate. Our conclusion is, therefore, that the court clearly erred in overruling appellant's demurrer to the first paragraph of appellee's complaint.

The second paragraph of appellee's complaint was a complaint, in the ordinary statutory form, for the recovery of the possession of the same real estate described in the first paragraph. We can not say, from the record of this cause, that the finding and judgment below, in appellee's favor, were made and rendered wholly and exclusively upon the second paragraph of the complaint. On the contrary, we think that a material portion of the finding and judgment herein, as shown by the record, rests exclusively upon the first paragraph of complaint. Where, as in this case, the judgment below is rendered upon a complaint of two or more paragraphs, and it appears that a paragraph, which is clearly bad, has been held good upon a demurrer thereto for the want of sufficient facts, and the ruling assigned here as error, the judgment must be reversed by this court, unless the record shows clearly and affirmatively that such judgment was rendered wholly and exclusively on the good paragraphs, and not, also, on the bad paragraph of the complaint. *Schafer* v. *State, ex rel.*, 49 Ind. 460; *Evansville, etc., Co.* v. *Wildman*, 63 Ind. 370; *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18.

As the judgment must be reversed on account of the insufficiency of the first paragraph of the complaint, we need not now consider or decide any of the questions arising under the alleged error of the court in overruling the appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the first paragraph of complaint, and for further proceedings not inconsistent with this opinion.