Filed Feb. 25, 1892.

---

## No. 15,244.

## THE CINCINNATI, INDIANAPOLIS, ST. LOUIS AND CHICAGO RAILWAY COMPANY v. DARLING.

NEGLIGENCE.—*Contributory Negligence.— Averment that Plaintiff was Free from.—Effect.*—An averment in the complaint, in an action for negligence, that the plaintiff was without fault or negligence which contributed to his injury is sufficient, unless it is overcome by the specific averments of the complaint, showing, notwithstanding, that he was guilty of contributory negligence.

VERDICT.—*Directing, when Evidence is Conflicting.*—Where the evidence relating to any material question of fact is conflicting, the court can not, as to such question, direct a verdict.

SAME.—*Evidence Equivocal.—* Where the evidence, although uncontradicted, is equivocal in its character, and is fairly susceptible of two interpretations, one tending to support the claims of plaintiff and the other of the defendant, the court can not direct the verdict.

PRACTICE.—*Interrogatories.— Verdict Shown to be Based on Bad Paragraph.*— If it affirmatively appears from the interrogatories that the verdict is in part based upon an insufficient paragraph of complaint, it is a sufficient cause for a new trial, being "contrary to law."

SAME.— *Verdict in Part Based on Bad Paragraph.— One Paragraph in Part Unsupported by Evidence —*A verdict which is in part based on a bad paragraph of complaint, or which the record shows is in part based upon a paragraph of complaint which is wholly unsupported by the evidence, can not stand.

From the Ohio Circuit Court.

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. *v.* Darling.

*J. T. Dye, W. H. Dye* and *J. K. Thompson,* for appellant.
*O. F. Roberts, N. S. Givan* and *M. J. Givan,* for appellee.

MCBRIDE, J.—The appellee was a day laborer, employed by the appellant to shovel dirt and gravel on its track. While riding on a tender to an engine, going from Lawrenceburgh to the place where he was employed to work, the engine collided with another engine, coming from the opposite direction, drawing a train of cars, and the appellee was hurt. He brought this suit to recover damages for his injuries, which he alleged were caused by the actionable negligence of the appellant.

While the appellant has assigned many errors, and has argued several, we find it only necessary to consider two of the questions presented. The court overruled separate demurrers to each paragraph of the complaint. The jury, by answers to interrogatories, show that their general verdict is based upon the first, third and fourth paragraphs of the complaint, and the appellant insists that these paragraphs were all bad, and that the court erred in its rulings upon the demurrers. But one objection is pointed out, and this is common to the three paragraphs. All show that the appellee was, as above stated, riding upon the tender to an engine, for the purpose of reaching his place of work.

The first paragraph avers that he was "ordered and directed by the defendant" to get upon the engine to ride, and that he did so, and sat down upon the tender attached to the engine, with his back to the engine.

The third paragraph avers that he was "requested and directed" by the defendant to get upon the engine to ride to his place of work, and the fourth, that when hurt he was "being taken, on an engine, by said defendant" from his home to his place of work.

The objection to the complaint, as stated by counsel for the appellant in their brief, is as follows:

"This shows that plaintiff was not a passenger; he had

no duties to perform on this engine, or in connection with it. It does not show that the company was under any obligation to carry him from his home to the place of his work, or that there was any reason why he should not have walked. It does show that he got aboard of the engine and sat down on the tender attached to the engine, with his back to the engine, to be taken to his place of work. He took a position of obvious peril, and turned his back in the direction from which danger was to be apprehended. The complaint shows 'his injury was the result of his own recklessness and folly. He was himself the author of his misfortune.' "

Without considering the effect of the averments that the appellee was riding on the engine by the direction or command of the appellant, it is enough to say of each of these paragraphs that each contained the averment that the plaintiff was himself without fault or negligence which contributed to his injury. This was sufficient, unless it was overcome by the specific averments of the complaint, showing, notwithstanding, that he was guilty of contributory negligence. We can not say that the mere averments that he was riding on the engine, or on the tender, or that he was riding with his back to the engine, were any or all of them sufficient to overcome the general averment of freedom from fault. We think the court did not err in overruling the demurrers.

We quote from the first paragraph of the complaint all of its averments charging negligence upon the part of the appellant: " That said defendant carelessly, negligently and recklessly managed the business of said defendant in running, or operating and managing, the engines, locomotives and cars on said defendant's road; that said defendant, on the day and year aforesaid, carelessly, negligently and recklessly ran an extra train, called a cattle train, from Cincinnati to the city of Lawrenceburgh, and that said defendant failed and neglected to give notice to its said servants in charge of the engine on which said plaintiff was seated of

said extra train being sent from Cincinnati to the city of Lawrenceburgh over the track of said defendant, and that before said cattle train reached the city of Lawrenceburgh said defendant also started said engine, on which said plaintiff was seated, to the point, or place, between Lawrenceburgh Junction and Lawrenceburgh City, where said plaintiff was to work for said defendant on its said track, and that by reason of the careless, negligent and reckless operating and running of said train and engine as aforesaid, said train and said engine on which said plaintiff was seated collided and run into each other with great force, and by reason thereof," etc.

It will be observed that the negligence charged is that the appellant started the " cattle train " and the engine in question toward each other, over the same track, without notice to the employees operating them.

The engine on which the appellee was riding was known as " No. 63," and was operated by one Mahan as engineer and one Dugan as conductor. The train with which it collided was known as "Extra 59." On the trial the evidence showed, without contradiction, that before engine No. 63 started, Conductor Dugan received an order reading as follows :

" To Dugan and Engineers, Lawrenceburgh : Engines 63 and 68 will run from Lawrenceburgh to Valley Junction. Keep clear of extra 59 west. No. 2 will run 40 minutes late from Lawrenceburgh Junction to Valley Junction. Cook. 6:21 A. M. O. K. Dugan."

Cook was the appellant's train dispatcher. Dugan, after reading the order, handed it to Mahan and told him to start. Mahan, without reading the order, did start his engine, and had only gone a short distance when the collision occurred. Mahan was reading the order when he discovered the approaching train.

The conductor testified that if he had obeyed the order, he would have remained on the side track, instead of starting out. Mahan testified that if he had read the order before

starting he would not have started.    Both agreed in testifying that under the order it was their duty to have remained on the side track.

The court instructed the jury as to this paragraph of complaint as follows :

"As to this paragraph there is no conflict of evidence, the plaintiff having himself introduced in evidence the notice given by the defendant to the employees in charge of the engine on which the plaintiff was, and as to this paragraph I charge you your finding must be for the defendant."

As above stated, the jury, in their answers to interrogatories, say the verdict is based upon the first, third and fourth paragraphs of the complaint, thus disregarding the charge of the court.

The appellee's contention, in substance, is, that the order sent by the train dispatcher was not sufficiently explicit, and was, as a direction to the engineer and fireman in charge of engine No. 63, so uncertain and indefinite that it was no notice, and that the jury had the right to construe and interpret it themselves, regardless of the court's instructions.

Where the evidence relating to any material question of fact is conflicting, the court can not, as to such question, direct a verdict.    The jury must settle the conflict.    *Messick* v. *Midland R. W. Co.,* 128 Ind. 81, and authorities there cited.

We think this is the correct rule when the evidence, although uncontradicted, is equivocal in its character, and is fairly susceptible of two interpretations, one tending to support the claims of one party, and the other tending to support the claims of the other party.    The jury, as judges of the facts, must weigh and construe the testimony and solve the uncertainty.    In such a case, it would be error for the court to direct a verdict, and if the jury should make a finding in disregard of the instruction, this court would not, on that ground, set the verdict aside.

While the rule contended for by the appellee is correct,

however, we do not think it applies in the case at bar. Whatever there may be of apparent uncertainty in the order of the train dispatcher disappears in the light of the testimony of the engineer and conductor to whom it was addressed.

In our opinion the instruction in question was fully justified by the evidence. There was no conflict in the evidence so far as that paragraph was concerned. The evidence not only failed to sustain it, but disproved it, and the court did not err in directing the jury to find for the defendant on the issue thus made.

The jury had no right to disregard the instruction. As it affirmatively appears that the verdict is in part based upon the first paragraph of complaint, it is " contrary to law," and the objection is properly made by the motion for a new trial upon that ground.

It has been frequently decided that a verdict which is in part based on a paragraph of complaint which is bad can not stand. *Wolf* v. *Schofield*, 38 Ind. 175 ; *Bailey* v. *Troxell*, 43 Ind. 432 ; *Peery* v. *Greensburgh, etc., T. P. Co.*, 43 Ind. 321 ; *Cook* v. *Hopkins*, 66 Ind. 208 ; *Schafer* v. *State, ex rel.*, 49 Ind. 460 ; *Evansville, etc., Co.* v. *Wildman*, 63 Ind. 370.

And, upon the same principle, a verdict, which the record affirmatively shows is based in part upon a paragraph of complaint which is wholly unsupported by evidence can not stand.

We refrain from the expression of any opinion upon the question suggested relative to co-employees, because in our opinion the case does not require it.

While several other questions are presented and argued, we think it unnecessary to pass upon them.

Judgment reversed, with costs.

Filed Feb. 25, 1892.