## The Baltimore and Ohio Southwestern Railway Company v. Jones.

[No. 19,509.  Filed February 18, 1902.]

COURTS.—*Personal Injury Occurring in Sister State.*—*Lex Loci.*—In an action in this State against a railroad company for damages for a personal injury which occurred in Ohio, the plaintiff's right of action must be tested by the law of Ohio. *p. 89.*

MASTER AND SERVANT.—*Personal Injury in Sister State.*—*Common Law Presumed.*—*Courts.*—The court will presume that the common-law rule as recognized and enforced by the decisions in this State which prevents a recovery by a servant for an injury sustained through the negligence of a fellow servant, in the absence of anything shown to the contrary, obtains in the state of Ohio. *pp. 89, 90.*

APPEAL AND ERROR.—*Ruling on Demurrer.*—*When Error Cured by Verdict.*—In order to avoid an erroneous ruling of the court in overruling demurrers to bad paragraphs of complaint on the ground that the verdict was based on good paragraphs, the burden is upon the plaintiff on appeal to show by the record that the verdict rests exclusively on some good paragraph or paragraphs of complaint. *pp. 90–92.*

From Jennings Circuit Court; *Willard New,* Judge.

Action by Thomas E. Jones against the Baltimore and Ohio Southwestern Railroad Company for personal injuries. From a judgment for plaintiff, defendant appeals. *Reversed.*

*R. E. Hamill, O. H. Montgomery, H. D. McMullen, H. McMullen* and *C. McMullen,* for appellant.

*T. C. Batchelor,* for appellee.

JORDAN, C. J.—This action was instituted by appellee in Ripley county for the recovery of personal injuries, and on motion was venued to the Jennings Circuit Court, wherein a trial before a jury resulted in a verdict for appellee, and over appellant's motion for a new trial judgment was rendered thereon. The errors assigned relate to the court's

rulings on demurrer to each paragraph of the complaint, and on demurrer to certain paragraphs of the answer, and in denying the motion for a new trial.

The complaint is in seven paragraphs, but it seems to be conceded by both parties that under the answer of the jury to interrogatories it is disclosed that there was a finding in favor of appellant on the third and seventh paragraphs; consequently, these are not discussed or considered by counsel in their argument.

Each paragraph of the complaint alleges that appellant is a railroad corporation, and owned, operated, and controlled at the time of the accident in question, and prior thereto, a railroad running and extending from the city of Cincinnati, in the state of Ohio, through the states of Indiana and Illinois, on to the city of St. Louis, in the state of Missouri; that appellee, at the time he sustained the injuries of which he complains, resided in Ripley county, Indiana, through which county said railroad runs, and that on and prior to the 7th day of December, 1896, he was employed in the service of appellant as a locomotive engineer operating and running the locomotive attached to one of its passenger trains which was run from a station in Indiana to the city of Cincinnati, in the state of Ohio; that on the said 7th day of December, while the train on which he was employed as such engineer was en route east to the latter city, and when at a station on appellant's railroad named Storr, in the state of Ohio, said train collided with an extra or special train which was being run west over appellant's road, by which collision appellee was seriously injured, etc. The first paragraph of the complaint attributes the accident and injury received therefrom to the failure of appellant to notify appellee of the presence on its road of said extra or special train. The second paragraph charges that the accident was due to the negligence of the railroad company in employing an unskillful and inexperienced conductor and in placing him in charge of said special or extra train, with-

out instructing him in respect to his duties; and that the employment of such conductor was in violation of a statute of the state of Ohio, which is set out as a part of the paragraph. The fourth paragraph charges that the accident and injury in question were wholly due to the negligence of one Price, the engineer, who, at the time of the collision, was in charge of and operating the engine attached to said special or extra train. The fifth paragraph attributes the accident to the negligence of appellant's conductor in charge of said special or extra train. By the sixth paragraph the accident is imputed to the negligence of the conductor in charge of the special train, and also to the negligence of the engineer in operating the locomotive engine attached to said train. Absence of contributory negligence is shown by the averments of each paragraph.

Appellant unsuccessfully demurred to each paragraph of the complaint, and its counsel in this appeal earnestly contend that neither the fourth, fifth, nor sixth paragraphs is sufficient in facts to constitute a right of action, and that, therefore, the trial court erred in overruling the demurrer. As previously said, each of these paragraphs disclosed that the accident, to which appellant attributes the injuries of which he complains, occurred on appellant's railroad at or near a station called Storr in the state of Ohio; consequently, under the circumstances, so far as appellee's right of action is concerned, it must be tested by the law of that state. *Baltimore, etc., R. Co.* v. *Reed, ante,* 25. Each of the paragraphs in controversy discloses that the injury sustained was the result of the negligence of appellee's fellow servants, and was not due in any manner to the negligence of appellant, the common master; hence, when tested by the rule of the common law, as recognized and enforced by the decisions of this court, neither of these paragraphs can be said to state a right of action. In the absence of anything shown to the contrary, we are bound to presume that the common law as it prevails in our own jurisdiction is also

in force in the state of Ohio, where the accident is shown to have occurred; consequently, no right of action against appellant, under the circumstances disclosed, arose in favor of appellee in that state. *Baltimore, etc., R. Co. v. Reed, supra.* Appellee's learned counsel, however, contends that the fourth, fifth, and sixth paragraphs of the complaint can be sustained under the employer's liability act of 1893. Acts 1893, p. 294, §7086 *et seq.,* Burns 1901. It is contended that the force and effect of that statute is to modify or change the rule in this State which affirms that the right of action in such cases as the one at bar must exist under the *lex loci,* otherwise there can be no right of action by the *lex fori.* This contention of counsel, however, is denied by the decision in the Reed case, *supra,* and the holding therein must rule our decision under the facts on the question as now presented. Counsel assert that, even though it be conceded that the fourth, fifth, and sixth paragraphs of the complaint are bad, nevertheless, the error of the court in overruling the demurrer thereto must be accepted as harmless, for the reason asserted that the first and second paragraphs are each sufficient to support the finding of the jury, and that the record affirmatively shows that the verdict rests on these two good paragraphs. In this insistence, however, we can not concur. The jury returned the following general verdict: "We the jury, find for the plaintiff, and assess his damages at $12,000,"—(Signed by the foreman). It is true that the jury might have formulated the general verdict so as to expressly disclose upon which particular paragraph or paragraphs of the complaint they found in favor of plaintiff, but this they neglected to do, and in respect to this question the verdict is silent. Counsel for appellee, in support of his contention that the record shows that the verdict is based on the first and second paragraphs, refers to the answer of the jury to an interrogatory, which, among others, was submitted to them by the court to be answered in the event they agreed on a general verdict. This

Baltimore, etc., R. Co. v. Jones.

interrogatory, with the answer thereto, is as follows: "Upon what paragraph or paragraphs do you find for the plaintiff? Answer.—First, second, fourth, fifth and sixth." Conceding, without deciding, that the trial court, under §555 Burns 1901 (Acts 1897, p. 128), was authorized to submit such an interrogatory to the jury (See *Salem-Bedford Stone Co. v. Hilt,* 26 Ind. App. 543), and that the finding of the jury thereon might be considered as properly a part of the record in determining the contention of appellee on the particular question under consideration, still the answer to the interrogatory in question would not sustain counsel's insistence, for the reason that it discloses that the general verdict is not based entirely on the first and second paragraphs, but also rests on the fourth, fifth, and sixth paragraphs which must be conceded to be bad. Under such circumstances it is well settled that the judgment in favor of the plaintiff can not be upheld. *City of Logansport v. LaRose,* 99 Ind. 117, and cases there cited. It is further asserted that when the findings of the jury upon the interrogatories as a whole are considered, they may be said to show that the general verdict is bottomed on the first paragraph of the complaint. An examination, however, of these several findings, does not verify this contention, for they fall far short of proving the fact asserted, but, on the contrary they may be said to disclose that the verdict, in part, at least, is based on the paragraphs which are bad. In order to escape or avoid the erroneous holding of the court on demurrer in respect to these paragraphs on the ground that such ruling was harmless, the burden in this appeal is upon the appellee to show clearly by the record proper that the verdict or judgment rests entirely or exclusively on some good paragraph or paragraphs of the complaint. In the absence of such a showing, the presumption that the error in overruling the demurrer to these paragraphs was prejudicial to appellant must prevail, and be given full effect. This rule has been repeatedly asserted and enforced

by the decisions of this court. *Wolf* v. *Schofield,* 38 Ind. 175; *Peery* v. *Greensburgh, etc., Co.,* 43 Ind. 321; *Cook* v. *Hopkins,* 66 Ind. 208; *Pennsylvania Co.* v. *Holderman,* 69 Ind. 18; *Lang* v. *Oppenheim,* 96 Ind. 47; *Rowe* v. *Peabody,* 102 Ind. 198; *Walker* v. *Heller,* 104 Ind. 327; *Belt, etc., R. Co.* v. *Mann,* 107 Ind. 89; *Ryan* v. *Hurley,* 119 Ind. 115; *Cincinnati, etc., R. Co.* v. *Darling,* 130 Ind. 376.

The argument advanced by counsel for appellant in respect to the first and second paragraphs of the complaint does not relate to the sufficiency of facts therein averred, but wholly to the claim made that neither of these paragraphs is sustained by the evidence; hence, under the circumstances, we do not consider their sufficiency on demurrer. Other objections are presented and urged to the rulings of the trial court, but, as the judgment below must be reversed for the error in overruling the demurrer to the fourth, fifth, and sixth paragraphs of the complaint, these objections are not considered, as possibly they may not arise again on another trial.

For the errors mentioned the judgment is reversed, and the cause remanded to the lower court for further proceedings not inconsistent with this opinion.