City of Logansport v. LaRose et al.

Filed Dec. 18, 1884.

---

### No. 7846.

### CITY OF LOGANSPORT *v.* LAROSE ET AL.

CITY.—*Annexation Proceedings.* — *Taxes.* — *Injunction.* — *Complaint.* — *Written Instrument.*—*Foundation of Action.*—*Exhibit.*—In a suit by certain owners of real estate to enjoin the collection of certain municipal taxes, upon the ground that their real estate had not been lawfully annexed to the municipality, the annexation proceedings are not a written instrument within the meaning of section 78 of the civil code of 1852 (section 362, R. S. 1881), and are not the foundation of the suit; and, therefore, the copy of such proceedings, filed as an exhibit, does not become a part of the pleading, and can not be considered, in determining its sufficiency on demurrer.

SAME.—*Annexation of Unplatted Land.*—*Jurisdiction of Common Council.*—In the annexation of contiguous territory, under the provisions of section 3195, R. S. 1881, the common council of an incorporated city is not authorized to extend the boundary of such city, by resolution, so as to include adjoining lands which have not been laid off in lots and platted, and a record made of such plat; and any such attempted annexation of unplatted lands is void for want of jurisdiction, and the levy and attempted collection of municipal taxes, on such lands so annexed, may be enjoined by the decree of the proper court.

SAME.—*Annexation of Contiguous Territory.*—*Petition of Common Council.*—*Board of County Commissioners.*—*Errors in Proceedings.*—*Remedy by Appeal.*

—Under the provisions of sections 3196 and 3197, R. S. 1881, an incorporated city may procure the annexation of contiguous territory, whether platted into lots or otherwise, without the consent of the owner or owners thereof, upon the petition of its common council to the board of commissioners of the county wherein such city is situate, and the order of such board granting the prayer of such petition; and, if there be errors in such proceedings, the remedy of the party aggrieved thereby is an appeal to the circuit court of the county, and not a suit for an injunction.

SAME.—*Acquiescence.*—*Equitable Defence.*—*Laches and Neglect.*—*Equity.*—Where the annexation proceedings are of doubtful legality, or even clearly illegal, if the residents and property owners of the annexed territory are guilty of *laches* and neglect in asserting their legal rights, and acquiesce for a number of years in the validity of such annexation, during which time they voted for city officers, and were represented in the common council of the city by councilmen of their own selection, and by their action and the votes of their representatives large debts were contracted by the city for its improvement, in all the benefits of which they shared, such long-continued acquiescence in such annexation constitutes a complete equitable defence in bar of this suit to enjoin the collection of the city taxes, assessed against the property so annexed, in a court of equity.

PLEADING.—*Complaint.*—*Statement of Facts.*—*Legal Conclusions.*—It is error to overrule a demurrer to a paragraph of complaint, which, instead of a statement of facts, contains merely legal conclusions from facts, which are not alleged and are not apparent.

PRACTICE.—*Reversal of Judgment.*—*Supreme Court.*—Where the judgment below rests upon a complaint of two or more paragraphs, to one of which the trial court has erroneously overruled a demurrer for the want of sufficient facts, and the record does not affirmatively show that such judgment rests exclusively upon the good paragraph or paragraphs, it will be reversed by the Supreme Court.

From the Cass Circuit Court.

*M. Winfield, D. Turpie* and *J. C. Nelson,* for appellant.

*D. P. Baldwin* and *D. D. Dykeman,* for appellees.

HOWK, J.—This action was commenced for the April term, 1877, of the court below, by John S. LaRose, Paul Taber and Anthony Grusenmeyer, who sued for themselves and all others interested, as plaintiffs, against the City of Logansport and Joseph B. Messenger, treasurer of such city, as defendants. Such proceedings were had therein as that at

the April term, 1878, of the court, the appellees filed an amended complaint in three paragraphs. In each of these paragraphs the appellees sought to enjoin the city of Logansport and the city treasurer from the collection of certain taxes, which, as they alleged, the officers of such city had illegally assessed and charged against them and their property, for the reason that their property was not lawfully within the corporate limits of such city, and, therefore, was not lawfully liable to taxation by or for such city.

The cause was put at issue and tried by the court, and a finding was made for the appellees, that they were entitled to the relief demanded in their complaint; and over the appellant's motions for a new trial and in arrest, the court rendered a judgment and decree in accordance with its finding.

The first error of which complaint is made by the appellant in this court is the overruling of its separate demurrers to each of the paragraphs of appellees' complaint. We will separately consider and pass upon the sufficiency of each of these paragraphs in their enumerated order.

1. In the first paragraph of the complaint it was alleged that each of the appellees was the owner of a certain described lot or lots in the original plat of Taberville, as recorded in the recorder's office of Cass county ; that, on the fifth day of May, 1870, the appellant attempted to annex the town of Taberville to such city of Logansport by resolution and proceedings, a copy of which, marked "Exhibit A," was filed with and made a part of such paragraph; that the appellees were not parties to said proceedings, nor had they any opportunity of being heard with reference thereto, and they averred that such proceedings were illegal and void for the following reasons, to wit:

The town of Taberville, on May 5th, 1870, was not contiguous to, nor did it adjoin, the city of Logansport, but, on the contrary, there intervened between said town and city a wide and navigable river, to wit, the Wabash river, the bed of which belonged to the United States, upon the north bank

whereof was situate the city of Logansport, and upon its south bank, and between the river and the town of Taberville, was a strip of ground 200 feet wide, which was never platted or laid out into lots, and was not, on May 5th, 1870, annexed to or a part of such city of Logansport, and, therefore, the common council of such city had no authority whatever by law to make said annexation, and such attempted proceedings were wholly void ; that the town of Taberville, Wm. H. Stanley's addition to Logansport, and H. A. Bartlett's addition to Logansport, which were all the platted lots, south of the Wabash river, attempted to be annexed to the city by said resolution, did not adjoin the city of Logansport ; that the annexation was void, because it attempted to annex at the same time and by the same act, with the said plats of town lots, 800 acres of farming lands, which were never theretofore platted.

And the appellees averred that their said lots, so attempted to be annexed, were worth $2,500 ; that the appellant annually assessed against the said lots a large amount of taxes, to wit, $50, which the appellees were compelled to pay ; that there was then assessed against said lots the sum of $50, as the taxes for the year 1876 ; that the tax duplicate was then in the hands of appellant's treasurer, who was threatening to collect such taxes of appellees' goods and chattels ; that the said assessment was illegal and void, because such annexation was void, and the appellees were not liable to pay taxes to the city of Logansport ; that by reason of the so-called annexation, and of the annual levy of taxes against the appellees' property by the appellant, their said lots were greatly diminished in value, and such taxes were a cloud upon their title, and the said annexation proceedings were an irreparable injury to them and their title. It was also alleged that the treasurer of the city of Logansport was about to levy upon the appellees' property for the collection of such taxes, and would do so, unless restrained, before this cause could be finally heard. Wherefore, etc.

The first objection urged by the appellant's counsel to this first paragraph of complaint is, that the annexation proceedings, which are alleged to have been illegal and void, are not set out at length, nor stated in substance, in such paragraph. In other words, counsel claim that the annexation proceedings, described in the first paragraph, are not the foundation of the cause of action therein stated; and that for this reason the copy of such proceedings, filed with the paragraph as an exhibit, did not thereby become a part of the paragraph, and can not be considered in determining the sufficiency of the facts therein stated to constitute a cause of action. In this latter view of the matter, as a question of pleading under section 78 of the civil code of 1852, in force at the time (section 362, R. S. 1881), the appellant's counsel would seem to be right. *Wilson* v. *Vance*, 55 Ind. 584; *Schori* v. *Stephens*, 62 Ind. 441; *Ryan* v. *Currah*, 64 Ind. 345 (31 Am. R. 123). It seems to us, however, that the decision of this point in the appellant's favor is, by no means, conclusive of the question of the alleged insufficiency of the first paragraph of the complaint. The facts alleged by the appellees in the first paragraph of their complaint, without any reference to the exhibit therewith filed, are sufficient to show that the action of the appellant's common council, in extending the limits of the city of Logansport, by resolution, over the town of Taberville and adjacent territory, was not authorized by law, and was therefore void.

In the general law for the incorporation of cities, approved March 14th, 1867, under which we assume, the contrary not appearing, that the city of Logansport was incorporated at the time of such attempted extension of its corporate limits, three modes are prescribed for the government of such cities in the extension of their boundaries, so as to include therein contiguous territory. Thus, in section 84 of such general law (section 3195, R. S. 1881), it is provided that "Whenever there shall be or may have been lots laid off and platted adjoining such city, and a record of the same is made in the recorder's

office of the proper county, the common council may, by a resolution of the board, extend the boundary of such city so as to include such lots; and the lots thus annexed shall thereafter form a part of such city and be within the jurisdiction of the same." In the case thus provided for the action of the common council is alone sufficient to extend the city boundaries.

In the first sentence of section 85 of such general law (section 3196, R. S. 1881), provision is made for the extension of the city limits over contiguous territory, whether the same be platted into lots or not, by the action of the common council, with the written consent of the owner or owners of such territory. Under the residue of the same section and the first sentence of section 86 of the said general law (section 3197, R. S. 1881), provision is made for the annexation to the city of contiguous territory, whether platted into lots or otherwise, without the consent of the owner or owners thereof, upon the petition of the common council to the board of commissioners of the county, in which the city is situate, and the order of such board granting the prayer of such petition. 1 R. S. 1876, pp. 310 and 311.

It would seem from the allegations of the first paragraph of the complaint in the case at bar, that in the annexation of the plat or town of Taberville, and the other territory mentioned, the appellant and its common council had not conformed to, nor complied with, either of the modes prescribed by the statute for the annexation of contiguous territory to the city limits. We are of the opinion that the facts stated by the appellees in the first paragraph of their complaint were sufficient to show that the action of appellant's common council in the annexation of the plat or town of Taberville, and the other territory mentioned, to the limits of Logansport, was not authorized by any statutory provision, and was, therefore, void. It was alleged by the appellees, as we have seen, in such first paragraph, that the town of Taberville and the other territory mentioned, at the time appellant's common council

attempted to annex the same to the city of Logansport, were not contiguous nor adjoining to the limits of such city, but were separated therefrom by the bed of the Wabash river, belonging to the United States, and by a strip of ground two hundred feet in width, which had never been platted or laid off into lots. Appellant's counsel claim, however, that the first paragraph of the complaint was bad, on the demurrer thereto for the want of facts, because it did not expressly allege that the boundaries of Logansport were so extended over the town of Taberville and the other territory mentioned, without the consent of the owners thereof in writing. This point is not well taken. The appellees sued as the owners of lots in the plat or town of Taberville, and they alleged in the first paragraph of their complaint that they were not parties to the proceedings for the annexation of said town to the city of Logansport, and had no opportunity to be heard in relation thereto, and that such proceedings were illegal and void. From these allegations it sufficiently appears, we think, that the appellants' proceedings for the annexation of the town of Taberville, and the other territory mentioned, were not had with the consent, written or otherwise, of the appellees, as the owners of lots in such town.

We conclude, therefore, that the facts stated in the first paragraph of the complaint, without reference to the exhibit therewith filed, were sufficient to constitute a cause of action in favor of the appellees, and that the demurrer thereto was correctly overruled.

In the second paragraph of their complaint, the appellees alleged that they severally owned separate parcels of real estate lying south of the Wabash river, particularly describing the lots owned by each of them; that on the 20th day of June, 1870, the board of commissioners of Cass county attempted by certain proceedings (a copy of which was filed with and made part of such paragraph, had upon a " so-called petition," a copy of which and of the notice thereon, and of D. H. Chase's demurrer, was also filed therewith and made a

part thereof), to annex such lands and lots to the city of Logansport and make them a part of such city. And the appellees averred that such proceedings were irregular and void, in this, to wit:

1. The territory so attempted to be annexed was not contiguous territory to the city of Logansport;

2. The common council of Logansport, that adopted the alleged application, had not the power to make the same, the resolution having been made at an adjourned session, and not introduced at a regular meeting;

3. The common council never signed the petition to the county board, nor did any of the members thereof;

4. The petition was never signed by the city, nor was its seal ever attached thereto;

5. The common council never filed any petition before the county board;

6. The order was made upon a copy of the petition passed by the common council;

7. No plat of the territory to be annexed was ever filed with the county board;

8. The notice given of the filing and hearing of the petition by the county board was not legally published;

9. The so-called petition was a conditional petition, and the order was made thereon, as was apparent on its face; and the conditions were not competent for the city to include in such petition, or for the county board to make a part of its annexation order, to wit, the attempted annexation was coupled with the condition that the county should build the bridges over the Wabash river, and the city should keep them in repair, which condition the county board had no power to make;

10. The proceedings had never been recorded in the recorder's office of Cass county;

11. Between the territory so attempted to be annexed and such city of Logansport was the Wabash river, a navigable stream 200 feet wide, the bed of which belonged to the United States government, and in said river, between such

territory and city, was a large island called "Biddle's Island Home," containing 100 acres of land, which had not been platted.

The appellees averred that their said parcels of real estate were worth the sum of $2,500, and that since said annexation the appellant had annually assessed thereon the sum of $50 taxes, which the appellees were compelled to pay; that said assessment was illegal because the annexation proceedings were illegal and void; that there were then assessed against their said lands, for 1876, taxes in the sum of $50, to collect which the appellant had placed in the hands of its treasurer its tax duplicate, and the said treasurer was about to collect the said taxes out of appellees' property, and would do so if not restrained therefrom by an order of the court; that said pretended annexation, and appellant's annual assessment of taxes, and the annual attempts to encumber appellees' lands with said taxes, greatly diminished the same in value, and were a cloud upon their titles thereto, and worked an injury which could not be compensated in damages, but was lasting and irreparable; that there were a large number of other persons owning territory who were affected in like manner with the appellees, and who, by reason of their number, amounting to 1,000 persons or more, could not be conveniently joined in this suit; and that therefore the appellees prosecuted this action on behalf of themselves and of such other persons. Wherefore, etc.

In discussing the sufficiency of this second paragraph of the complaint, appellant's counsel make the same objection thereto that they made to the first paragraph; that is, they claim that the petition of appellant's common council to the board of commissioners of Cass county, the notice of such petition, and the action and order of the county board thereon, were not, nor was either of them, written instruments within the meaning of section 78 of the civil code of 1852 (section 362, R. S. 1881), upon which the second paragraph is founded; and therefore they insist that the copies of such petition, notice

and order, which were filed with such second paragraph as exhibits, did not become parts of the record, and can not be considered in determining the question of the sufficiency of such paragraph. This objection to the second paragraph of complaint is well taken. The record of the county board, in proceedings had before it for the annexation of contiguous territory to an incorporated city, is not a written instrument within the meaning of the code, and, therefore, the filing of a copy or transcript of such record with any pleading does not make it a part of such pleading. This is settled by many decisions of this court. *Lytle* v. *Lytle,* 37 Ind. 281; *Brooks* v. *Harris,* 41 Ind. 390; *Wilson* v. *Vance,* 55 Ind. 584; *Morrison* v. *Fishel,* 64 Ind. 177; *Hopper* v. *Lucas,* 86 Ind. 43.

The appellees' attorneys have directed our attention to the case of *City of Peru* v. *Bearss,* 55 Ind. 576, which, they claim, recognizes a different rule of pleading from the one relied upon by appellant's counsel in making the objection now under consideration to the second paragraph of the complaint. In the preparation of such second paragraph the complaint in the case cited was, perhaps, used as a precedent. In that case the petition of the common council of the city of Peru, and the action of the county board thereon, by copies thereof as an exhibit, were filed with and made part of the complaint; and it would seem, from the opinion of the court, that the exhibit so filed was referred to, and considered, as a part of the complaint. It is manifest, however, from that opinion, that the point we are now considering was neither made nor decided in the case cited; and doubtless many other cases might be cited in which such exhibits have been considered by this court as parts of the records before us, simply because the parties on both sides have, without objection, so considered and treated them. *Wilson* v. *Board, etc.,* 68 Ind. 507; *Board, etc.,* v. *Hall,* 70 Ind. 469. But such cases can hardly be regarded as authorities upon the question of pleading now under consideration; and certainly we know of no recent case in this court, where the objections have been made, in which

it has been held that such exhibits as those filed with the second paragraph of the complaint, in the case now before us, thereby became parts of the record, and could be considered as such in determining the sufficiency of the pleading wherewith they were filed.

The objection thus urged by appellant's counsel is manifestly fatal to the sufficiency of the second paragraph of appellees' complaint. For, in the absence from the record of the petition of the common council of the city of Logansport, for the annexation of the territory referred to, the notice given of such petition, and the proceedings had thereon by and before the board of commissioners of Cass county, it is impossible for us to determine whether or not the many objections, assigned by the appellees to the validity of such proceedings, were well taken and ought to have been sustained. But the second paragraph of the complaint is clearly bad on demurrer, we think, for another and perhaps stronger reason. The annexation proceedings, of which the appellees complain in this paragraph of complaint, were the proceedings of a court of competent jurisdiction, as well of the subject-matter as of the parties. Many errors in these proceedings are complained of by the appellees, in the second paragraph of their complaint, some of which would, perhaps, have been fatal to such proceedings, if an appeal therefrom had been taken to the circuit court of the county, within the time required by law. The annexation proceedings were not shown by any of the averments of the second paragraph of complaint to have been wholly void. There may have been errors in such proceedings, but the remedy of the appellees for such errors was an appeal therefrom to the circuit court. The proceedings of the county board can not be collaterally impeached or attacked, on account of such errors, as the appellees have attempted to do in the second paragraph of their complaint. This is settled in many of the recent decisions of this court. *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549 ; *Board, etc.,*

v. *Karp*, 90 Ind. 236 ; *Town of Cicero* v. *Williamson*, 91 Ind. 541 ; *Rutherford* v. *Davis*, 95 Ind. 245.

We conclude, therefore, that the trial court clearly erred in overruling appellant's demurrer to the second paragraph of appellees' complaint.

In the third paragraph of their complaint, the appellees alleged their respective ownership of the same lots and lands described in the second paragraph ; that, on the 20th day of June, 1870, the board of commissioners of Cass county attempted to annex such lands and lots to the city of Logansport by certain proceedings, copies of which were therewith filed as exhibits, one of which was a copy of the so-called petition filed by such city before the said board of commissioners ; and the appellees averred that the said proceedings and order were void, because the said petition was never signed as by law required, and that the board of commissioners, by reason of there having been no legal petition before it, never acquired any jurisdiction to act in the premises.

The court clearly erred, we think, in overruling appellant's demurrer to this third paragraph of the complaint. Even if the exhibits therewith filed could be taken as parts of the record and referred to, in aid of the pleading, the paragraph would still be bad on demurrer for the want of facts, as a cause of action. The allegations that the petition, filed by the city before the county board, was never signed as the law required, and that the county board, for the want of a legal petition, never acquired any jurisdiction to act in the premises, were not allegations of facts ; but they were the pleader's conclusions from facts which were not alleged and were not apparent. The demurrer to the third paragraph of the complaint ought to have been sustained.

As we have reached the conclusion that the trial court erred in overruling appellant's demurrer to the second and third paragraphs of appellees' complaint, the judgment below must be reversed. For the record shows affirmatively that the finding and judgment of the court, in this case, rest as

well upon the bad paragraphs as upon the good paragraphs of appellees' complaint. In such a case, it is well settled by the decisions of this court, that a judgment in favor of the plaintiff can not be sustained, and must be reversed. *Schafer* v. *State*, 49 Ind. 460; *Evansville, etc., Co.* v. *Wildman*, 63 Ind. 370; *Pennsylvania Co.* v. *Holderman*, 69 Ind. 18; *Ethel* v. *Batchelder*, 90 Ind. 520.

The conclusions we have reached, in regard to the insufficiency of the second and third paragraphs of appellees' complaint, and the necessary reversal of the judgment consequent thereon, practically dispose of this appeal. But, in view of further possible litigation in the case, it is due to the parties, we think, that, before closing this opinion, we should consider and decide the question of the sufficiency of the second paragraph of appellant's answer. To this paragraph of answer the court sustained the appellees' demurrer, and this ruling appellant has assigned here as error.

In the second paragraph of its answer, the appellant admitted that, on the 5th day of May, 1870, by a resolution of its common council, it directed the annexation of the territory to the city of Logansport; that such proceedings were thereafter had before the board of commissioners of Cass county, that the territory was declared and adjudged to form a part of the territorial limits of the city of Logansport; that the said proceedings had been duly recorded in the recorder's office of Cass county; that the appellees, and those for whom they prosecuted this action, were then and since residents of the territory so annexed; that, though duly notified of the pendency of such proceedings before the board of commissioners, as required by law in such cases, they did not appear before the board to contest such annexation, or make objections thereto, but made default; that all of the proceedings were made a part of the public records of such city and county board, and were at all times accessible to the appellees and to those for whom they prosecuted this suit, and the con-

tents thereof were fully known to them at the time, and if the legal effect of the proceedings and their non-conformity with the law were not known to them, their ignorance was of the law and not of the facts; that the appellees, and those for whom they sued, immediately thereafter acquiesced in such annexation; that the common council included the territory in the third ward of such city; that the appellees and those for whom they sued became, in fact, citizens of Logansport, held city elections, voted for city officers, and elected two councilman from that ward to represent them in the common council; that these councilmen qualified and acted as such in all the deliberations of the council, voting on all ordinances and resolutions brought before the council, and at the election of such city officers as were by law elected by the council; that annually, after such annexation, during the past eight years, they had held city elections and voted for city officers, and had been represented by two councilmen in the city council; that the territory had been included in the school city of Logansport, and the appellees and other citizens had availed themselves of the benefits of the school system of such city, and had sent their children to its public schools; that with their knowledge and consent, and relying upon such acquiescence, the appellant had invested $25,000 in public school buildings within such territory, and issued its bonds therefor, which were still outstanding and unpaid; that since that time the appellant had expended $15,000 in opening and improving streets within such territory, and had paid the damages assessed to citizens through whose lands streets had been opened; that since such annexation appellant had established a system of water-works for fire protection, at a cost of $200,000, for which and for the issue of city bonds therefor, the councilmen elected from such territory had voted, and such bonds were still outstanding and unpaid; that, on the petition of a majority of the freeholders of the city, including such territory, a donation of $100,000 was

made by appellant to aid in the construction of the Logansport, etc., Railway into such city, for which the bonds of the city had been issued, and were outstanding and unpaid; that other debts to the amount of $200,000 had been created since such annexation, upon the faith thereof, by the votes of the councilmen from such territory, and were still unpaid; that, at a cost of $5,000, and at the appellees' request, and by the votes of their representatives in the common council, a fire alarm had been constructed throughout the city, including such territory; and that water-mains and gaslights, at an expense of $300,000 had been extended over that part of the city; that, during all said time, the appellees had paid their city taxes without objection, and all the aforesaid expenditures had been made, with the knowledge and without the objection of the appellees and the other citizens of such territory, and without any claim or pretence on their part that the annexation was illegal. And the appellant, neither admitting nor denying the irregularities and defects alleged in the complaint, averred that the appellees and those for whom they sued, were estopped from denying the legality of such annexation. Wherefore, etc.

This paragraph of answer can hardly be regarded as a good plea of an estoppel. It lacks several of the essential elements or requisites of a good plea of estoppel. It proceeds upon the theory that the annexation proceedings were matters of public record, of which the appellees and those interested with them were bound to take notice; but if this be true, and perhaps it is, it would seem to be equally true that the appellant and its officers were alike affected with notice of such proceedings. In *Fletcher* v. *Holmes*, 25 Ind. 458, it was held by this court that the doctrine of estoppel *in pais* " can have no application where everything was equally known to both parties," and so this court has uniformly held. But we need not pursue this view of the second paragraph of answer, for the appellant's counsel do not claim, at least in this court, that

the paragraph is good as a plea of estoppel. Counsel insist, however, with much force and earnestness, that the facts stated in the second paragraph of answer, admitted to be true by appellees' demurrer, show such long-continued acquiescence of the appellees, and of those for whom they sue, in the annexation proceedings, and such gross laches on their part in the enforcement of their legal rights in the premises, as utterly preclude a court of equity from granting them the relief they ask for in this suit. In this view of the paragraph we concur with appellant's counsel.

In *Hayward* v. *Nat'l Bank*, 96 U. S. 611, it is said by the Supreme Court of the United States : " Courts of equity often treat a lapse of time, less than that prescribed by the statute of limitations, as a presumptive bar, on the ground ' of discouraging stale claims, or gross laches, or unexplained acqui-escence in the assertion of an adverse right.' 2 Story Eq. Jur., section 1520. In *Smith* v. *Clay* (Amb. 645), Lord CAM-DEN said : 'A court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands, when the party has slept upon his right, and acquiesced for a great length of time. Nothing can call forth this court into activity but conscience, good faith, and reasonable diligence. When these are wanting, the court is passive, and does nothing. Laches and neglect are always discountenanced."

Under the allegations of the second paragraph of answer, the appellees, and those for whom they sued, the residents and property-owners of the annexed territory, acquiesced fully and completely in the annexation proceedings for about seven years. They voted for city officers, they were represented in the common council of the city by councilmen of their own selection, and by their action and the votes of their representatives, large debts were contracted by the city for its improvement, in all the benefits of which they have shared. After such long-continued and unexplained acquiescence in the validity of the annexation proceedings by the appellees,

and those for whom they sue, it would be manifestly unjust and inequitable, as it seems to us, to allow them and their property to escape the payment of their fair share of the city debts, contracted on the faith of such proceedings. Certainly· a court of equity ought not to, and can not, aid them in the accomplishment of any such purpose. If the facts stated in the second paragraph of answer are true, and, as the case is now presented, they must be taken as strictly true, they will constitute, in our opinion, a complete equitable bar to the cause of action stated, or attempted to be stated, in either paragraph of appellees' complaint. The demurrer to this paragraph of answer ought, therefore, to have been overruled.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrers to the second and third paragraphs of complaint, and to overrule the demurrer to the second paragraph of answer, and for further proceedings not inconsistent with this opinion.

Filed Dec. 18, 1884.