Filed Dec. 19, 1885.

---

No. 10,961.

THE CITY OF DELPHI ET AL. *v.* STARTZMAN ET AL.

CITY.—*Annexation of Territory.*—One or more citizens of a territory sought to be annexed to a city may maintain a suit to prevent the consummation of an attempted illegal annexation.

SAME.—*Non-navigable Stream.*—Where only a natural, non-navigable stream intervenes between the territory sought to be annexed and the corporate boundary of the city, that would not alone constitute a barrier to the extension of the corporate limits over territory platted into lots.

SAME.—*Jurisdiction of Board of Commissioners.*—Where territory, not platted,

The City of Delphi *et al. v.* Startzman *et al.*

is sought to be annexed to a city to which it lies adjacent, the board of county commissioners has exclusive original jurisdiction over the matter, and the city must by petition secure from that body the proper order.

SAME.—*Remedy.*—*Injunction.*—Where there has been an attempted illegal annexation of territory to a city, and an attempt on the part of the city to interfere with property rights under such color of legal authority, injunction is the appropriate remedy.

SAME.—*Pleading.*—Where the complaint states facts sufficient to show a right to have a municipal corporation restrained from exercising corporate powers over a territory not legally annexed to the city, the pleading is not bad because it omits to aver that the treasurer had the tax duplicate in his hands.

REAL ESTATE.—*Grantor and Grantee.*—A party who has conveyed land cannot do any act that will impair or invalidate the rights of his grantees.

EVIDENCE.—*Pleading.*—*Estoppel.*—A party can not give evidence of an affirmative defence of estoppel unless he has pleaded it.

From the Tippecanoe Circuit Court.

*J. Applegate* and *C. R. Pollard*, for appellants.

*J. A. Sims, G. R. Eldridge, L. B. Sims, M. Winfield, C. E. Taber, J. R. Coffroth* and *T. A. Stuart*, for appellees.

ELLIOTT, J.—The material allegations of the appellees' complaint are these: The city of Delphi is a municipal corporation organized under the general law for the incorporation of cities; the appellees are owners of real estate in the town of South Delphi; the city of Delphi has attempted by resolution of the common council to annex the territory within the limits of the town of South Delphi, and has levied taxes against the property of the appellees; the territory sought to be annexed is not contiguous to the city, but is separated by intermediate land, not platted; the appellees have not consented to such annexation, and the plat of the town of South Delphi has never been acknowledged or recorded.

The complaint avers that the suit is brought on behalf of the plaintiffs, as well as of all other property-owners in the territory sought to be annexed, and appellants' counsel argue that the complaint is bad because one or more taxpayers can not maintain such a suit. We deem it only necessary to say of this position, that it is quite clear to our minds that one

or more citizens of a territory sought to be annexed to a city may maintain a suit to prevent the consummation of an attempted illegal annexation. The question is not simply one of relief from taxation, but the question is as to the right to compulsorily change the property of the citizens from the territorial limits of one political corporation into those of another and different corporation. It is, in fact, a question as to the right to supplant one local government by another, and such a question affects the citizens of the entire locality sought to be annexed to a city.

° We have little doubt that there are cases in which property-owners would be estopped from questioning the validity of the existence of the territorial limits of a municipal corporation. There are cases in which corporate boundaries may be extended without direct legislation or express contract. *Strosser* v. *City of Fort Wayne*, 100 Ind. 443, *vide* authorities cited, p. 452. There are, however, no facts stated in the complaint from which it can be inferred that any right was waived by the appellees, nor are there any facts stated showing that any action was taken by the appellant on the faith of an acquiescence in the attempted annexation. If facts had been alleged showing that the city had acted upon the faith of the appellees' acquiescence, and that serious loss would result from permitting them to change position, the objections to the complaint might, perhaps, have been well founded.

We agree with appellant's counsel that where only a natural stream not navigable intervenes between the territory sought to be annexed and the corporate boundary, it would not constitute a barrier to the extension of the corporate limits over territory platted into lots, but this does not meet the question here, for the complaint avers that there were unplatted lands between the limits of the city and the territory sought to be annexed, and gives the names of the owners. The appellant's counsel mistake the real question here, for they argue with much earnestness in favor of the wisdom and

policy of extending the limits of cities, and refer us to the cases of *Blanchard* v. *Bissell*, 11 Ohio St. 96; *Powers* v. *Commissioners, etc.*, 8 Ohio St. 285. The question is, not as to the policy of making such annexations, but as to the method of procedure. We have a positive statute prescribing what method shall be pursued, and that prescribed must be adopted and no other. *Strosser* v. *City of Fort Wayne, supra,* authorities cited. Our decisions have uniformly declared that in such a case as this (that is, where the territory is not platted,) the city must petition the board of county commissioners and secure an order from that body. *Taylor* v. *City of Fort Wayne,* 47 Ind. 274; *City of Peru* v. *Bearss*, 55 Ind. 576; *Town of Cicero* v. *Williamson,* 91 Ind. 541; *City of Logansport* v. *LaRose,* 99 Ind. 117; *Strosser* v. *City of Fort Wayne, supra.*

Where the law gives to a common council of a city, or to any inferior tribunal, jurisdiction in a designated class of cases, it is invested with general jurisdiction of the subject, and if it determines facts essential to the existence of jurisdiction in a particular instance, its judgment can not be collaterally impeached, provided the particular case belongs to the class over which the tribunal has general jurisdiction, but, where the case does not belong to the general class, then there is no jurisdiction of the subject-matter and no authority to move a step in the case. This is the rule that governs here. This case does not belong to the class over which the common council has jurisdiction; on the contrary, it belongs to a class over which the board of commissioners has exclusive, original jurisdiction. *Strosser* v. *City of Fort Wayne, supra.*

We regard the complaint as seeking, not merely to restrain the collection of taxes, but also as seeking to prevent the city from carrying into effect the illegal order for the annexation of the territory within which the appellees' lots are situated. There is, therefore, an attempt to interfere with property rights under color of legal authority, and injunction is the appropriate remedy. *Erwin* v. *Fulk,* 94 Ind. 235; *Kyle* v.

*Board, etc.*, 94 Ind. 115; *City of New Albany* v. *White*, 100 Ind. 206.

Where the complaint states facts sufficient to show a right to have a municipal corporation restrained from exercising corporate powers over territory not legally annexed to the city, the pleading is not bad because it omits to aver that the treasurer had the tax duplicate in his hands. The case is not like that of a proceeding simply seeking to enjoin a treasurer from levying taxes, nor is it like the case of an officer seeking to defend a seizure of goods for taxes, and this consideration excludes the applicability of such cases as *Wise* v. *Eastham*, 30 Ind. 133, *Anthony* v. *Sturgis*, 86 Ind. 479, and *Pugh* v. *Irish*, 43 Ind. 415.

The second paragraph of the answer of the appellant alleges that the plats mentioned in the complaint were acknowledged and recorded. The reply to this paragraph avers that the acknowledgment was not made until after the parties by whom it was made had parted with all title. We think it perfectly clear that a party who has conveyed the land can not do any act that will invalidate or impair the rights of his grantees.

There was no answer pleading an estoppel or a ratification, and it was proper to exclude evidence tending to establish such a defence. A party can not give evidence of an affirmative defence of estoppel unless he has pleaded it. *Robbins* v. *Magee*, 76 Ind. 381.

Judgment affirmed.

