No. 17,275.

FORSYTHE ET AL. *v.* THE CITY OF HAMMOND.

MUNICIPAL CORPORATION.—*City.*—*Annexation of Territory.*—*Lands Not Adjacent.*—A statute giving a city council jurisdiction to annex adjacent lands on the written consent of the owners gives the council no jurisdiction to annex lands on the petition of owners whose lands are not adjacent.    (See note at end of opinion.)

SAME.—*City.*—*Annexation of Territory.*—*Legislative Character.*— *Judicial Examination.*—The legislative character of the function of annexation of territory to a city does not preclude judicial examination and decision on questions as to the preliminary steps and the truth and sufficiency of the petition for annexation.

From the Porter Circuit Court.

*W. H. H. Miller, F. Winter, J. B. Elam, A. L. Jones, J. W. Youche* and *T. J. Merrifield,* for appellants.

*E. D. Crumpacker, P. Crumpacker* and *G. Crumpacker,* for appellee.

HOWARD, J.—This was a proceeding before the board of commissioners of Lake county to annex certain unplatted territory to the city of Hammond. The board decided against the petition for annexation, and the city appealed to the circuit court of Lake county, from which a change of venue was taken to Porter county, where a special judge was appointed to try the cause. The case was heard by the Hon. W. B. Biddle, special judge, and a jury; and the trial resulted in a verdict and judgment in favor of the city and her petition for annexation.

The appellee contends that this appeal should be dismissed for the reason that all the persons against whom the judgment was rendered have not been made party

appellants.   To this contention appellants answer, that all such defendants, not made appellants, save one, did, within one year after the judgment was rendered, file in this court their written declination to join in the appeal; and that, by proof also filed, it is further shown that said defendant not made a party appellant and not joining in the written refusal to appeal, was, also within the year after judgment, notified of this appeal; asking also that said defendant be now made a party appellant.

In this condition of the record, we are of opinion, that, while the appeal has been brought with some irregularity of procedure, yet the spirit of the statute regarding the taking of appeals, and also the requirements of our rules and decisions in relation to the same matter, have been practically observed.

The purpose of the statute (section 647, R. S. 1894; section 635, R. S. 1881) was to provide that a part of those against whom a joint judgment was rendered might appeal, without compelling the remaining judgment defendants to appeal, and yet give all an opportunity to join in the appeal, so that but one appeal might be taken in one case.   Notice is consequently provided to be given to those not joining in the appeal.   If, however, such parties come voluntarily before this court and decline to join in the appeal, it would seem that as to them all is accomplished that was intended by the statute. · As to the party served with notice of the appeal, we think the conclusion must be the same; for it is shown that he might have joined in the appeal had he so chosen.

So far as the interests of the appellee are concerned, the year allowed for an appeal having passed, there can be no appeal but this one; consequently the decision of this court, when made, will leave the appellee's rights fully and finally determined.   The appellee, therefore,

has no interest, personal to herself, in asking for the dismissal of the appeal.

It thus appears that no one, on either side, who was a party to the judgment has suffered the loss of any right or interest to which he was entitled; and hence no reason remains for the dismissal of the appeal. The case of *Gregory* v. *Smith*, 139 Ind. 48, and other cases cited by counsel are not in conflict with this conclusion. There, all the parties were not before the court; here, they are before the court, or have refused to come. The reason for the rule there insisted upon does not exist in this case, and hence the rule itself does not apply.

The appellants' first contention is, that the complaint or petition is insufficient, in that it does not show that the owners of the property sought to be annexed to the city had not given their consent to such annexation previous to the bringing of the proceedings before the commissioners. This objection is brought here for the first time; there was no demurrer or motion to make more specific urged to the complaint in the trial court.

The statute providing for the annexation of unplatted lands to a city by proceedings before the county board (section 3659, R. S. 1894; section 3196, R. S. 1881) does not require that it shall be stated in the petition that the owners will not consent to annexation. The want of such consent is implied in the very nature of the proceeding; if there were consent such a proceeding would be quite unnecessary, for the city might then annex the land by a simple resolution, as provided in the same section of the statute.

In the case of *Huff* v. *City of Lafayette*, 108 Ind. 14, although the question was not directly before the court, the opinion was expressed that it is not essential that the petition should contain a statement that the land-owners

had not consented to annexation. Virtually a like conclusion as to what should be stated in the petition was reached in the recent case of *Chandler* v. *City of Kokomo*, 137 Ind. 295. Nor, as we think, are the cases cited by counsel for appellants in conflict with this conclusion.

In truth, there are but two methods provided for the annexation of lands to cities, one being with the consent of the owners, and one without such consent. If the land is platted, and the plat is recorded by the owner, the law implies a consent and agreement on his part that the land may be taken into the city. If the land is not platted, or the plat not recorded, the owner may file his written consent with the city council, agreeing that the land may be annexed. But, in either of these cases the city is also a party to the transaction, and may accept or refuse to accept the land as a part of the corporate territory.

But in case the property-owner does not consent to annexation, that is, does not make and put on record a plat of his land, or does not file with the city his written agreement that the land may be annexed, while at the same time the city desires such annexation, then the law provides a method by which the controversy may be tried and settled; and the board of county commissioners is set up as the tribunal before which, subject to appeal, the dispute between the parties may be determined. Sections 3659, 3660, 4224, R. S. 1894 (sections 3196, 3197, 3243, R. S. 1881); *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549; *City of Logansport* v. *La Rose*, 99 Ind. 117.

If, however, the property-owner had consented to annexation, there would be no dispute, no controversy, and hence no action before the county board. The law will not presume so vain a thing as that it might be supposed that, though there was consent on the part of the

property-owner, and though, consequently, the city might have annexed the land by a simple resolution, yet the corporation proceeded to ask the county board, by an adverse proceeding, to do for her what, without delay and without opposition, she might do for herself. The very existence of the controversy, therefore, shows not only desire for annexation on the part of the city, but also want of consent thereto on the part of the property-owner.

It is next contended, that because certain parts of the territory to be annexed are platted, therefore the commissioners had no jurisdiction to act on the petition. In order that any land, platted or unplatted, should be annexed to a city, it is necessary that the land to be annexed should be contiguous to the city limits; that is, that it should actually touch the existing territory of the city. In an action before the board for annexation, this contiguous territory must be unplatted; or, at least, if platted, the plat must, as yet, be unrecorded. However, should there be, within the limits of the territory to be annexed, certain tracts, called "platted lots," not contiguous to the city limits, and hence not recorded, certainly neither the statute, nor any good reason, would render such circumstance a cause for defeating annexation by the county board. · The mere fact of platting, taken by itself, is rather a circumstance looking to annexation. It is an attempt to impress upon the territory an urban character, and is, in so far, an expression of consent to annexation. It would need only, in addition, as we have seen, that the lots should be contiguous to the city, and that the plat should be recorded, to enable the city to make the annexation without the action of the board. In other words, the reasons in favor of annexing such attempted plats of lots are

greater than those in favor of annexing unplatted lands themselves.

But are such subdivisions of land, as are here referred to, legal plats, or plats, such as are contemplated in the statutes? We do not think so. A plat of a town or city, or a plat of land adjoining a town or city, may be acknowledged and recorded, in the same manner as a deed. (Sections 4411 and 4413, R. S. 1894; sections 3374 and 3376, R. S. 1881). It is such "lots laid off and platted, adjoining such city," that are contemplated in annexation proceedings, and referred to in sections 3658, 3659, R. S. 1894 (sections 3195, 3196, R. S. 1881). There is no provision for placing any other plats on record; and the recording of any other lots, or plats of lots, would be a nullity. *Taylor* v. *City of Ft. Wayne,* 47 Ind. 274.

The fact, therefore, that certain parts of the territory proposed to be annexed to the appellee city in this proceeding, are said to be platted lots, not contiguous to the city, can have no bearing on the result. Such lots are included in the unplatted lands, and can be annexed to the city only as a part of such unplatted lands. Indeed, we may go further: even if the whole tract sought to be annexed were platted, but the plat not recorded, the common council would have no authority to annex the land without the consent of the owners; and the county board alone could take jurisdiction.

It may be observed, in addition, that the petition for annexation in this case, and also the published notice, describe the territory to be annexed by metes and bounds only, and no mention is made of lots; but a description of lands by metes and bounds is a description of the lands as unplatted.

The evidence also shows that the lands were in fact unplatted. It is only on the map filed that we notice

on a part of the territory not contiguous to the city, the outlines of platted lands; but there is no evidence of any attempt at placing such plats on record. These tracts are entitled on the map as subdivisions of parts of certain named sections of land, according to the United States surveys. The principal of these divisions is styled, "Roby and Shedd's Addition to Chicago in Indiana." It is hardly necessary to say that there cannot be a legal addition to Chicago in Indiana; and that none of these subdivisions are platted lots as contemplated in our statutes. *Taylor* v. *City of Ft. Wayne, supra.*

The whole territory to be annexed, then, is clearly to be regarded as unplatted land. The attempts at platting parts of the territory not contiguous to the city, as shown on the map filed for inspection by the county commissioners, could be considered only for the purpose of enabling the board to discover the probable fitness or unfitness of the lands for city uses and purposes. The case of *Chandler* v. *City of Kokomo, supra,* cited by appellants in this connection, had reference to lands contiguous to the city, and not to attempted plats not contiguous, and hence is not here in point. Contiguous recorded plats may be annexed directly by the city; all other lands are to be regarded as unplatted, and will be treated accordingly in annexation proceedings.

In *City of Logansport* v. *La Rose*, already cited, in considering section 3660, R. S. 1894 (section 3197, R. S. 1881), this court said: "Provision is made for the annexation to the city of contiguous territory, whether platted into lots or otherwise, without the consent of the owners thereof, upon petition of the common council to the board of commissioners of the county."

In commenting on this decision, counsel say that the clause, "Whether platted into lots or otherwise," is

wholly misleading, and contend that it is not warranted by the statute; that the statute provides that only unplatted land may be annexed by action of the county board.

We are of opinion, however, that the learned judge who spoke for the court in that case intended by the words "platted into lots" to speak of an unrecorded plat of lots. The common council, without the consent of the owners, has no authority to annex contiguous unrecorded platted lots, but only those the plats of which are placed on record; and if there should be plats made of lands contiguous to a city, but the plats were kept off the record, it would be only by petition to the commissioners that the city could procure the annexation of such lots. In other words, for the purposes of annexation, such lots must, as we have already said, be treated as unplatted lands. And if this is true of a contiguous unrecorded plat, as is the force of what Judge Howk said in *City of Logansport* v. *La Rose, supra,* still more must it be true of noncontiguous plats, which, as we have seen, not only are not recorded, but for whose record the statute makes no provision. They must be treated as a part of the unplatted contiguous territory, and hence fall solely within the jurisdiction of the county board.

It is next contended that the third instruction given by the court to the jury is erroneous. The material part of the instructions complained of is as follows:

"It is required that the proceedings should conform strictly to the statutory requirements, and the petition and other documentary evidence have been introduced to prove the regularity of the proceedings; but as no question is raised before you of any want of compliance with the statutory requirements, or that of the contiguity of the territory sought to be annexed, you may find that the proceedings were regular, and that the

territory is contiguous to the corporate limits of the city of Hammond."

As the record does show that all the proceedings taken by the city were in conformity with the statute, and that this fact was in no way questioned, and as both parties, and all the evidence, documentary and oral, including the plats filed, showed that the territory sought to be annexed was contiguous to the city of Hammond, there could be no error on the part of the court in assuming the existence of such undisputed facts. *Carver* v. *Carver*, 97 Ind. 497; *Board, etc.*, v. *Legg, Admr.*, 110 Ind. 479.

But it is not the contiguity of the territory to be annexed that is disputed by counsel, but whether a part of that territory, lying next to the city of Hammond, had not already been annexed to the city of East Chicago before the petition for annexation had been presented by the city of Hammond to the county board. This is not a question as to whether the territory sought to be annexed was contiguous to the city of Hammond, or whether the proceedings for that purpose were regular, but, rather, whether the annexation could take place for another reason, namely, that the part next to Hammond had been already annexed to East Chicago. However the latter question might be determined, it would not affect the correctness of the instruction, which related only to the regularity of the proceedings and to the contiguity of the lands sought to be annexed. These last questions being undisputed, the instruction was correct.

As to whether a part of the territory sought to be annexed to Hammond had already been annexed to East Chicago, and could not, therefore, be annexed to Hammond, which is the real question here made, the facts presented, and which were all shown by docu-

mentary evidence, were as follows: After the common council of the city of Hammond had resolved to present their petition for annexation to the board of county commissioners, and after they had given the statutory notice of their intention to present such petition, describing in the notice the lands sought to be annexed, but before the petition was presented to the board, the city of East Chicago, on the written consent of the owners, annexed by resolution to that city a strip of land eighty rods wide on that part of the lands next to Hammond which the latter city sought to annex. The effect of this annexation to East Chicago, if valid, would be to defeat the Hammond petition; for if the strip was annexed to East Chicago, it could not also be annexed to Hammond; and as the strip covered all the land in the territory sought to be annexed which was contiguous to the city limits of Hammond, there would be nothing left to annex to that city, for the contiguity of the remaining territory sought to be annexed would be cut off by the East Chicago strip.

The evidence as to the East Chicago annexation proceedings is all documentary, and it is without conflict. The legal sufficiency of this evidence was, therefore, a question of law for the court; and if such evidence shows that the action before the East Chicago common council was ineffectual for the annexation of the strip in question, the court might so inform the jury, and the instruction would not be erroneous for that reason. *American Ins. Co., etc.,* v. *Butler,* 70 Ind. 1.

The strip of land proposed to be annexed by East Chi- cago was unplatted. It was, therefore, necessary, as we have already seen, that a written consent should be filed for its annexation by the owners of the land. Such a written consent was filed by the Calumet Canal and Improvement company, one of the appellants, and

owner of the greater part of the land to be so annexed
to East Chicago, including the whole of the eighty rod
strip contiguous to Hammond.    If this strip reached the
limits of East Chicago, so that its east end should be
contiguous to the limits of that city, there would be no
doubt that the written consent of the Improvement
company and the resolution of the common council of
East Chicago would have effected the desired annexa-
tion.    But prior to this time the Improvement company
had, by valid deeds, conveyed to the Chicago & Calumet
Terminal Railway company strips of land which, taken
together, entirely cut off the eighty rod strip from the
corporate limits of East Chicago.    The railway com-
pany did not file any written consent to the annexation
of its strip of land to East Chicago.    It follows,
therefore, that the owners of all the land sought to be
annexed to East Chicago not having filed their written
consent to its annexation, the common council never
acquired jurisdiction, and such annexation has not taken
place.    The proceedings before the common council
being a nullity, they may be attacked even collaterally,
except, perhaps, in case of estoppel, of which there is
no question here.    *City of Indianapolis* v. *McAvoy*, 86
Ind. 587; *Strosser* v. *City of Ft. Wayne*, 100 Ind. 443;
*City of Delphi* v. *Startzman*, 104 Ind. 343; *City of
Indianapolis* v. *Patterson*, 112 Ind. 344.

. While all presumptions will be indulged in favor of
the regularity of proceedings before an inferior tribunal
when once jurisdiction is shown, yet if it appears that
facts essential to jurisdiction are wholly wanting, the
presumptions in favor of the action of the tribunal must
cease.    *Board, etc.,* v. *Markle,* 46 Ind. 96 ; *Wilkinson* v.
*Moore,* 79 Ind. 397 ; *Smith* v. *Clausmeier,* 136 Ind. 105
(43 Am. St. R., 311); *Clayborn* v. *Tompkins,* 141 Ind. 19.
. Some other questions are discussed by counsel, but we

think that in what we have said we have passed upon all questions affecting the merits of the case. Finding no available error, the judgment is affirmed.

Filed April 11, 1895.

NOTE.—The power of the Legislature to annex territory to municipalities is considered at length in a note to *State, ex rel. Richards,* v. *Cincinnati* (Ohio), 27 L. R. A. 737.

## ON PETITION FOR REHEARING.

HOWARD, C. J.—One of the positions taken by counsel in support of their petition for a rehearing of this case is, that the circuit court had no jurisdiction of the appeal from the board of county commissioners, for the reason that the annexation of territory to a city is a legislative, and not a judicial function, and, as such, in case of unplatted lands, the board of county commissioners is given sole and final jurisdiction in the premises.

The proposition so advanced was not urged in the original argument, nor on the trial of the cause, and is now brought to our attention for the first time; but as it is a question that affects the jurisdiction of the trial court, as also of this court, it is one that will be entertained at any time.

It may be conceded that annexation of territory to a city is a legislative function. This function is exercised by the common council when it resolves to annex certain described lands to the city, and to present a petition therefor to the county board.

It must be admitted, however, as we think, that the after proceedings had upon the petition are of a judicial nature. The petition must give the reasons why, in the opinion of the council, the annexation should take place. The sufficiency of such reasons, and whether they in fact exist, calls for the decision of the tribunal appointed

to hear the petition. Notice of the presentation of the petition is also provided for, and adverse parties are thus brought in. Whether the proper preliminary steps have been taken, whether the reasons given in the petition are true, and are sufficient, seem to be questions calling for a judicial examination and decision.

In a similar case, *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549, it was said by Woods, J., speaking for this court, that "The decision of the board, in such a case, is judicial, and not merely administrative or legislative."

But if the board, in considering and deciding upon the petition, acts in a judicial capacity, certainly the Legislature may, as it has done in this case, provide for an appeal to the courts, to determine whether the city council, and the county board have complied with the statutory requirements in the action taken.

It is the law itself, as has been said, that fixes the conditions of annexation; and the office of the board and of the court is to determine whether the conditions so prescribed by the law have been complied with. The Legislature has expressly provided for such judicial determination by the board, and for an appeal therefrom to the courts; and this court has frequently recognized the right to such appeal. Section 4224, R. S. 1894 (section 3243, R. S. 1881). *Catterlin* v. *City of Frankfort*, 87 Ind. 45 ; *Chandler* v *City of Kokomo*, 137 Ind. 295 ; *Wilcox* v. *City of Tipton*, 42 N. E. Rep. 614; see also *Windfall, etc., Co.* v. *Emery*, 142 Ind. 456; and see *City of Wahoo* v. *Dickinson*, 23 Neb. 426.

Indeed, by thus expressly providing for an appeal to the courts in annexation proceedings, the Legislature has indicated its will that the courts should supervise the proceedings, to the end that the annexation shall be carried into effect as the law directs.

In *Forsythe* v. *City of Hammond*, 142 Ind. 505 (68

Fed. Rep. 774), Baker, J., in passing upon an application made to the United States Circuit Court for the district of Indiana, by one of the appellants in the case at bar, to enjoin the appellee from collecting taxes upon the lands annexed in this proceeding, speaking of the question now under consideration, said : ''The power to hear and determine whether the conditions prescribed by law for the creation, enlargement or contraction of a municipal body exist, is judicial in its nature, and may be appropriately conferred upon the courts. The creation, enlargement or contraction of a municipal body is not the act of the court, but is the act and result of the law. The court simply determines whether the conditions are present which authorize the creation of a municipal body, or the enlargement or contraction of its limits ; and, when these conditions are judicially ascertained, the law, *ex proprio vigore*, creates the municipal body, or enlarges or contracts its boundaries.''

Counsel next repeat the contention that the action of the common council of East Chicago, in attempting to annex to that city certain of the lands here in controversy, without first having secured the assent of the owners of that part thereof adjacent to the city, cannot be attacked collaterally in this case. We cited in the original opinion numerous authorities to the proposition, that the jurisdiction of an inferior tribunal, as a common council, may be attacked collaterally, and evidence offered to show that the tribunal did not have jurisdiction of the subject-matter or of the parties. We have attentively read the acute analysis made of those authorities by counsel, and are still satisfied that the authorities so cited do establish the truth of the proposition stated.

We are inclined to think that counsel have not carefully distinguished between facts as to the jurisdiction

of a body, and facts as to the proceedings and acts of that body after jurisdiction is shown. If there is jurisdiction, then the decision that follows is conclusive, except on direct attack. But jurisdiction itself may always be inquired into ; and it is only after jurisdiction is established, both of the subject-matter and of the person, that the decision of the tribunal will be invulnerable to collateral attack. As said by this court in *Board, etc.,* v. *Markle,* cited in the original opinion, "The facts which it is said must be shown to exist before the matter can be within the jurisdiction of an inferior court, and which can be enquired into collaterally, are such as, in the absence of which, the court cannot rightfully hear and determine any question touching the matter in controversy. Hence, a recital in the record of such facts may be shown to be false." See also *State, ex rel.,* v. *Hudson,* 37 Ind. 198. As bearing upon the question, see further, *Rape* v. *Heaton,* 9 Wis. 301 (76 Am. Dec. 269); *Thompson* v. *Whitman,* 18 Wall. 457 ; *Withers* v. *Patterson,* 27 Tex. 491 (86 Am. D. 643); *Scott* v. *McNeal,* 154 U. S. 34 ; Works, Courts and their Jurisdiction, sections 20, 23, 25, 26.

In the case at bar, it is not doubted that the owners of the lands adjacent to the city of East Chicago, and which it was attempted to annex to the city, had never assented to such annexation, but that the only petition for annexation presented to the common council was by owners of lands not adjacent to the city ; yet the claim is made that the question of the right of the council to annex such adjacent lands, and also the nonadjacent lands, is foreclosed by the record. The city council assumed that the petitioners for annexation were the owners of the lands adjacent to the city, and it is said that this assumption is conclusive, although, in fact, the owners of adjacent lands did not assent to such

annexation. If that contention were good, why could not any person go before a city council, claiming falsely to be the owner of adjacent lands, and petition for their annexation to the city ; and if the record of the common council should show that upon such petition the lands were annexed, how could the decision be collaterally called in question? The law, however, gives the council jurisdiction to annex adjacent lands only, on the written assent of the owners. It is clear that the common council had no jurisdiction of the subject-matter.

In cases cited in the original opinion, we think it is shown that this court has more than once decided practically the same question here raised; namely, that attempts at annexation of lands to cities made by common councils not having jurisdiction, are void, and may be attacked collaterally as well as directly. *City of Indianapolis* v. *McAvoy,* 86 Ind. 587 ; *City of Delphi* v. *Startzman,* 104 Ind. 343 ; *City of Indianapolis* v. *Patterson,* 112 Ind. 344.

Counsel devote much argument and research to show that where the jurisdiction of an inferior tribunal depends upon a fact which such tribunal is required to ascertain and settle by its decision, such decision, in general, is conclusive. It needed but a statement of that proposition to establish its truth. But it does not follow that such tribunal by merely claiming jurisdiction can establish it.

If the law fixes what is necessary to acquire jurisdiction, the tribunal cannot take jurisdiction not so authorized by law.

The law requires notice to parties who are to be subject to the decisions of the tribunal. Jurisdiction, therefore, cannot be taken without such notice. But as the tribunal must itself decide whether the notice is sufficient

its decision on such sufficiency is conclusive.

So when a petition is to be filed, such petition is necessary to give jurisdiction; and the tribunal by finding that a petition was filed, when in fact it was not, could not take jurisdiction. But as the tribunal is the only body to pass upon the sufficiency of the petition, whether it is in proper form, has the requisite number of signers, and whether the persons signing have the proper qualifications, etc., its decision on such questions is final.

*Stoddard* v. *Johnson,* 75 Ind. 20, one of the leading cases on this subject, and relied upon by counsel, is in harmony with this holding. That case decides that the presentation of a petition for the improvement of a highway gave the county commissioners jurisdiction over the subject-matter of the petition, and that whether the petition was in all respects sufficient was a jurisdictional question which the board had a right to decide for itself. The court, however, is careful to say that it is not to be understood as holding that "any petition, however defective or irrelevant, will be deemed sufficient to invoke the jurisdiction of the commissioners to decide upon its sufficiency and to impart validity to that decision as against collateral attack."

The correct rule is stated in the same case: "That once the jurisdiction of an inferior tribunal is established over the subject-matter of, and the parties to, a proceeding which may be had before it, the same presumptions are indulged in favor of the regularity of its action as prevail in favor of the action of the courts of general powers."

Had the common council in the case before us, acquired jurisdiction over the lands to be annexed and lying adjacent to the city, and had it also acquired jurisdiction over the owners of such lands, then the subsequent proceedings, however defective, would not be void. But

not having acquired jurisdiction over the lands or over its owners, the annexation proceedings were a nullity.

Whether the right of way of the Chicago Calumet Terminal Railway company was a fee simple or an easement is not material here. If the strips of land belonging to that company, by whatever name the title may be called, are not within the corporate limits of the city of East Chicago, it is very certain that the land of the petitioner company, and which is separated by those strips from the city limits, is not adjacent to the city. But it cannot rightfully be claimed that these strips are within the limits of the city of East Chicago. They were never annexed, either on petition of their owners or by act of the county board. The city could not levy taxes or street and sewer assessments upon these strips of land, could not make streets or alleys across them, or in fact exercise any jurisdiction whatever over them. The strips are outside the limits of the city, and completely separate the lands of the Improvement company from the city limits. How then could the city annex those nonadjacent lands of the Improvement company? The statute expressly provides that the lands to be annexed to a city shall be adjacent. Had the city jurisdiction of the subject-matter? Could the city by declaring the lands of the Improvement company to be adjacent make them adjacent? If the common council could annex lands separated from the corporate limits by a right of way one hundred feet across, why might it not annex lands a mile distant from the city? The conclusion is irresistible that the city had no jurisdiction of the subject-matter; the lands of the petitioner company were not adjacent to the city, and could not therefore be annexed.

The petition for a rehearing is overruled.

Filed November 8, 1895.